**EXHIBIT 8**

NO. 81367-1

FILED
COURT OF APPEALS
DIVISION II

08 JUN 16  PM 2: 32

STATE OF WASHINGTON
BY
DEPUTY

F I L E D

JUN 1 8 2008

CLERK OF SUPREME COURT
STATE OF WASHINGTON

## THE SUPREME COURT
## STATE OF WASHINGTON

STATE OF WASHINGTON, RESPONDENT,

v.

DEAN ROYER, PETITIONER

---

Court of Appeals Cause No. 37318-1
Appeal from the Superior Court of Pierce County
No. 88-1-00283-7

---

### RESPONSE TO MOTION FOR DISCRETIONARY REVIEW

GERALD A. HORNE
Prosecuting Attorney

By
 MICHELLE HYER
 Deputy Prosecuting Attorney
 WSB # 32724

930 Tacoma Avenue South
Room 946
Tacoma, WA 98402
PH: (253) 798-7400


EXHIBIT 8

93

# Table of Contents

A.   IDENTITY OF RESPONDENT. ...................................................1

B.   COURT OF APPEALS DECISION................................................1

C.   ISSUES PRESENTED FOR REVIEW. ..........................................1

    1.   Has the petitioner failed to show that the Court of Appeals committed obvious or probable error when it denied his motion to file a late notice of appeal when the appeal period had expired approximately 18 years earlier, he would be appealing from entry of a guilty plea which constitutes a valid waiver of appeal under *State v. Smith*, and where the requirements of RAP 18.8(b) were not satisfied? ................1

    2.   When the petitioner allows approximately 18 years to pass from entry of judgment, and over 14 years to pass from the date he was terminated from supervision by the department of corrections on a criminal conviction without seeking any form of direct or collateral attack upon his conviction, could the lower court have found that his conduct was "extremely dilatory" so as to warrant forfeiture of any right to seek an untimely direct appeal? .......................................................1

    3.   Should the court retreat from the broadly worded holding of *State v. Sweet*, which always places the burden of showing a knowing and valid waiver of the right to appeal upon the State as that decision has proved harmful in that it offers the prosecution no means of ensuring or protecting the finality of a criminal judgment in the absence of a timely filed notice of appeal?................................................................1

D.   STATEMENT OF THE CASE. .....................................................2

E.   ARGUMENT WHY REVIEW SHOULD NOT BE ACCEPTED .4

    1.   UNDER THE PRINCIPLES SET FORTH IN *STATE V. SMITH* THE DEFENDANT WAIVED HIS RIGHT TO AN APPEAL BY ENTRY OF HIS GUILTY PLEA AND THEREFORE THE COURT PROPERLY DENIED HIS MOTION TO ALLOW LATE FILING OF THE NOTICE

OF APPEAL AS THE DEFENDANT DID NOT MEET
THE STANDARDS OF RAP 18.8 ......................................4

2.    THE COURT PROPERLY DENIED THE MOTION TO
EXTEND TIME TO FILE THE NOTICE OF APPEAL AS
DEFENDANT WAS SO DILATORY IN FILING HIS
NOTICE THAT HE SHOULD BE DEEMED TO HAVE
FORFEITED ANY RIGHT TO APPEAL .........................11

3.    SHOULD THIS COURT REJECT THE PREVIOUS
ARGUMENTS AS TO WHY THE COURT OF APPEALS
PROPERLY DENIED THE MOTION, THEN THE
COURT SHOULD TAKE REVIEW TO REASSESS THE
BREADTH OF THE PRINCIPLES SET FORTH IN
*SWEET* AND ITS PROGENY .........................................12

F.    CONCLUSION. .........................................................................19

95

# Table of Authorities

## State Cases

*Beckman v. D.S.H.S.*, 102 Wn. App. 687, 695, 11 P.3d 313 (2000)..........5

*City of Seattle v. Klein*, 161 Wn.2d 554, 561 n. 7,
166 P.3d 1149 (2007) ....................................................................11, 12

*City of Tacoma v. Bishop*, 82 Wn. App. 850, 859, 920 P.2d 214 (1996).11

*In re Stranger Creek*, 77 Wn.2d 649, 653, 466 P.2d 508 (1970) .............13

*Reichelt v. Raymark Indus., Inc.*, 52 Wn. App. 763, 765,
764 P.2d 653 (1988) .......................................................................5, 6

*Schaefco, Inc. v. Columbia River Gorge Comm'n*, 121 Wn.2d 366, 368,
849 P.2d 1225 (1993) ..........................................................................6

*Shumway v. Payne*, 136 Wn.2d 383, 964 P.2d 349 (1998) .......................5

*State v. Berlin*, 133 Wn.2d 541, 547-548, 947 P.2d 700 (1997)...............13

*State v. Carmody*, 75 Wn.2d 615, 452 P.2d 959 (1969) ...........................13

*State v. Gregory*, 74 Wn.2d 696, 446 P.2d 191 (1968)..............................13

*State v. Kells*, 134 Wn.2d 309, 314, 949 P.2d 818 (1998) ....6, 7, 11, 12, 14

*State v. Lucky*, 128 Wn.2d 727, 912 P.2d 483 (1996) ..............................13

*State v. Moon*, 130 Wn. App. 256, 122 P.3d 192 (2005)............................6

*State v. Neff*, 163 Wn.2d 453, 181 P.2d 819 (2008) ...................................8

*State v. Smith*, 134 Wn.2d 849, 852-853, 953 P.2d 810 (1998) .....1, 4, 8, 9

*State v. Sodorff*, 84 Wn.2d 888, 529 P.2d 1066 (1975) ............................13

*State v. Sweet*, 90 Wn.2d 282, 287,
581 P.2d 579 (1978) ..............................................2, 7, 11, 12, 14, 15, 18

*State v. Tomal*, 133 Wn.2d 985, 988, 948 P.2d 833 (1997)..6, 7, 11, 12, 15

## Federal and Other Jurisdictions

*Custis v. United States*, 511 U.S. 485, 497, 114 S. Ct. 1732,
128 L.Ed.2d 517 (1994)..................................................................15, 16

*Daniels v. United States*, 532 U.S. 374, 121 S. Ct. 1578,
149 L.Ed.2d 590 (2001)........................................................................16

*Gonzalez v. Crosby*, 545 U.S. 524, 535, 125 S. Ct. 2641,
162 L.Ed.2d 480 (2005).........................................................................18

*Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690,
155 L.Ed.2d 714 (2003).........................................................................17

*Sanchez-Llamas v. Oregon*, 548 U.S. 331, ___, 126 S. Ct. 2669, 2685,
165 L.Ed.2d 557 (2006).........................................................................17

*United States v. Addonizio*, 442 U.S. 178, 184, n. 11, 99 S. Ct. 2235,
60 L.Ed.2d 805 (1979)...........................................................................16

*United States v. Frady*, 456 U.S. 152, 164, 102 S. Ct. 158 .....................17

*United States v. Goldberg*, 67 F.3d 1092, 1100-01 (3d Cir. 1995)...........11

*United States v. Olano*, 507 U.S. 725, 731, 113 S. Ct. 1770,
123 L.Ed.2d 508 (1993)...................................................................11, 13

*United States v. Timmreck*, 441 U.S. 780, 784, 99 S. Ct. 2085,
60 L.Ed.2d 634 (1979)...........................................................................16

*Yakus v. United States*, 321 U.S. 414, 444, 64 S. Ct. 660,
88 L.Ed.834 (1944)................................................................................13

## Constitutional Provisions

Wash. Const. art. 1, section 22 ..................................................................6

## Statutes

RCW 10.73.090 ........................................................................................16

97

**Rules and Regulations**

CrR 7.2.................................................................................14

CrR 7.2(b).............................................................................15

CrR 7.8...................................................................................9

RAP 1.2(a)............................................................................5

RAP 13.5(b)..........................................................................4

RAP 18.8 .......................................................................4, 5, 18, 19

RAP 18.8(b).....................................................1, 5, 6, 10, 14, 18

RAP 5.2(a)............................................................................5

98

A.   IDENTITY OF RESPONDENT.

The respondent is the State of Washington as represented by the
Pierce County Prosecuting Attorney's Office.

B.   COURT OF APPEALS DECISION.

The petitioner/defendant seeks review of an order issued on
February 27, 2008, by the Court of Appeals, Division II, denying
petitioner's motion to allow a late notice of appeal.

C.   ISSUE PRESENTED FOR REVIEW.

1.      Has the petitioner failed to show that the Court of Appeals
committed obvious or probable error when it denied his motion to file a
late notice of appeal when the appeal period had expired approximately 18
years earlier, he would be appealing from entry of a guilty plea which
constitutes a valid waiver of appeal under *State v. Smith*, and where the
requirements of RAP 18.8(b) were not satisfied?

2.      When the petitioner allows approximately 18 years to pass
from entry of judgment, and over 14 years to pass from the date he was
terminated from supervision by the department of corrections on a
criminal conviction without seeking any form of direct or collateral attack
upon his conviction, could the lower court have found that his conduct

royerMDR[1].doc

99

was "extremely dilatory" so as to warrant forfeiture of any right to seek an untimely direct appeal?

    3.    Should the court retreat from the broadly worded holding of *State v. Sweet*, which always places the burden of showing a knowing and valid waiver of the right to appeal upon the State as that decision has proved harmful in that it offers the prosecution no means of ensuring or protecting the finality of a criminal judgment in the absence of a timely filed notice of appeal?

D.    <u>STATEMENT OF THE CASE</u>.

    On June 29, 1988, DEAN ALAN ROYER, hereinafter "defendant," was sentenced to 88 months of confinement following a conviction for robbery in the first degree.  Appendix "A," Judgment and Sentence from June 29, 1988.  On July 28, 1988, the defendant filed a notice of appeal from that judgment.  Appendix "B," Notice of Appeal from July 28, 1988.  On August 13, 1990, the Court of Appeals entered an opinion reversing the defendant's conviction and remanding for a new trial.  Appendix "C," Court of Appeals Opinion.  A mandate was issued on November 26, 1990.  Appendix "D," Mandate.

    On December 20, 1990, the defendant entered a plea of guilty to robbery in the second degree.  Appendix "E," Statement of Defendant on Plea of Guilty.  The defendant was sentenced to 20 months confinement,

royerMDR[1].doc

100

and received credit for the 20 months he already had served.   Appendix "F," Judgment and Sentence from December 20, 1990.

On February 4, 1994, the defendant was terminated from Department of Corrections supervision.   Appendix "G," Order Modifying Sentence from February 4, 1994.   The defendant was subsequently sentenced as a persistent offender to life in prison under Pierce County Cause Number 95-1-01997-0 in 1996.   Appendix "H," Court of Appeals Opinion from April 22, 2008, under #36477-8.

On February 5, 2008, the defendant filed a notice of appeal. Appendix "I," Notice of Appeal.   The Court of Appeals denied the defendant's motion to allow late filing of his notice of appeal, and the defendant now seeks review by this court.   Appendix "J," Order denying appellant's motion to allow late filing of a notice of appeal.   The defendant did not include the verbatim report of proceedings from the plea and sentencing hearing with his motion.   The motion was supported only by the defendant's own declaration.   The defendant filed a motion for discretionary review of the Court of Appeals' order and this court has directed the State to respond to the motion.

royerMDR[1].doc

101

E.     ARGUMENT.

      1.     UNDER THE PRINCIPLES SET FORTH IN
*STATE V. SMITH* THE DEFENDANT WAIVED
HIS RIGHT TO AN APPEAL BY ENTRY OF HIS
GUILTY PLEA AND THEREFORE THE COURT
PROPERLY DENIED HIS MOTION TO ALLOW
LATE FILING OF THE NOTICE OF APPEAL AS
THE DEFENDANT DID NOT MEET THE
STANDARDS OF RAP 18.8.

Under RAP 13.5(b), this court will accept discretionary review of a

Court of Appeals interlocutory order only under the following

circumstances:

      (1) if the Court of Appeals has committed an obvious error
which would render further proceedings useless; or

      (2) if the Court of Appeals has committed probable error
and the decision of the Court of Appeals substantially alters
the status quo or substantially limits the freedom of a party
to act; or

      (3) if the Court of Appeals has so far departed from the
accepted and usual course of judicial proceedings, or so far
sanctioned such a departure by the trial court or
administrative agency, as to call for the exercise of revisory
jurisdiction by the Supreme Court.

RAP 13.5(b).

As will be more fully discussed below, none of these

circumstances are present in this case and the motion for discretionary

review of the order denying motion to file late appeal should be denied.

royerMDR[1].doc

In order for a criminal defendant to appeal his judgment and sentence, he must file a notice of appeal within 30 days of the date he is sentenced. *See* RAP 5.2(a). The appellate court will only in extraordinary circumstances and to prevent a gross miscarriage of justice extend the time within which a party must file a notice of appeal. RAP 18.8(b). The appellate court will ordinarily hold that the desirability of finality of decisions outweighs the privilege of a litigant to obtain an extension of time under this section. RAP 18.8(b).

The liberal interpretation that is generally applicable to the rules of appellate procedure, in order to promote decisions on the merits, does not apply to RAP 18.8. RAP 1.2(a). Extraordinary circumstance has been defined as "circumstances wherein the filing, despite reasonable diligence, was defective due to excusable error or circumstances beyond the party's control. Where there has been reasonably diligent conduct, "the lost opportunity to appeal would constitute a gross miscarriage of justice." *Reichelt v. Raymark Indus., Inc.*, 52 Wn. App. 763, 765, 764 P.2d 653 (1988)(reasonable diligence shown where notice was filed within 30 days but where there was some other procedural defect). Negligence or the lack of reasonable diligence does not constitute an extraordinary circumstance for purposes of RAP 18.8(b). *Beckman v. D.S.H.S.*, 102 Wn. App. 687, 695, 11 P.3d 313 (2000) (citing *Shumway v. Payne*, 136 Wn.2d 383, 964 P.2d 349 (1998)). RAP 18.8(b) is applied stringently. *Beckman* at 694.

royerMDR[1].doc

103

In *State v. Moon*, 130 Wn. App. 256, 122 P.3d 192 (2005), the defendant filed a notice of appeal five days after the 30 day deadline had expired. *Id.* at 260. The court found that the defendant did not meet his burden of establishing a gross miscarriage of justice when he was seeking to challenge his exceptional sentence. *Id.* at 259-261. The court, relying on RAP 18.8(b), stated:

> We apply this test rigorously. Consequently, there are very few instances in which Washington appellate courts have found this test was satisfied. *See Reichelt v. Raymark Indus., Inc.*, 52 Wn. App. 763, 765, 764 P.2d 653 (1988). The burden is on Moon to provide "sufficient excuse for [his] failure to file a timely notice of appeal" and to demonstrate "sound reasons to abandon the [judicial] preference for finality. *Schaefco, Inc. v. Columbia River Gorge Comm'n*, 121 Wn.2d 366, 368, 849 P.2d 1225 (1993). Moon has failed to meet this burden here.

*Moon*, 130 Wn. App. 256 at 260.

Despite this stringent standard, the strict application of that filing deadline must be balanced against a defendant's constitutional right to appeal. *State v. Kells*, 134 Wn.2d 309, 314, 949 P.2d 818 (1998). A criminal defendant convicted in the State of Washington has a constitutional right to appeal the conviction and sentence. Wash. Const. art. 1, section 22; *State v. Tomal*, 133 Wn.2d 985, 988, 948 P.2d 833 (1997). "[I]n criminal prosecutions all defendants have a constitutional right to appeal, and there can be no presumption in favor of waiver of a constitutional right." *Kells*, 134 Wn.2d at 314. "Under certain

royerMDR[1].doc

104

circumstances, inaction on the part of the defendant may be used by the State to prove the defendant waived the right to appeal." *Tomal*, 133 Wn.2d at 990.

The State bears the burden of showing that a convicted defendant has made a voluntary, knowing, and intelligent waiver of the right of appeal. *Tomal*, 133 Wn.2d at 989.  To meet this burden, the State is required to "make some affirmative showing" that the defendant:  (1) understood his right to appeal; and (2) chose not to exercise the right. *Kells*, 134 Wn.2d at 315 (citing *State v. Sweet*, 90 Wn.2d 282, 287, 581 P.2d 579 (1978)).

The language of a Statement of Defendant on Plea of Guilty informs a defendant entering a guilty plea that he is waiving his right to challenge a determination of guilt on appeal; it also informs him that he retains his right to appeal an exceptional sentence.  Appendix "E," Statement of Defendant on Plea of Guilty.  This court has stated that under certain circumstances the taking of a voluntary plea will show a valid waiver of the right to appeal:

> When a defendant completes a plea statement and admits to reading, understanding, and signing it, this creates a strong presumption that the plea is voluntary. The plea statement in this case provides that [defendant] waived his right to appeal the determination of guilt, and [defendant] admitted to reading and understanding the statement in open court. Ordinarily, this would provide sufficient evidence of a voluntary plea and a valid waiver of the right to appeal.

royerMDR[1].doc

105

*State v. Smith*, 134 Wn.2d 849, 852-853, 953 P.2d 810 (1998). As stated by this court, the "State goes far in meeting this burden when a defendant signs a waiver statement and admits to understanding it because doing so "creates a strong presumption that the [waiver] is voluntary." *State v. Neff*, 163 Wn.2d 453, 181 P.2d 819 (2008), citing *Smith*, 134 Wn.2d at 852 (editorial brackets in original). This type of waiver was insufficient in Smith's case because defense counsel, in open court, expressed an erroneous legal interpretation of the plea statement that was at odds with a valid waiver. *Smith*, 134 Wn.2d at 853. In *Neff*, the court refused to find a waiver because the defendant was not entering a plea, but rather a written stipulation to facts and an agreement for a bench trial based on those facts. The court found that the language of the stipulation was too confusing to support a valid waiver. *Neff*, 163 Wn.2d 453, 181 P.3d 819 (2008), 2006 Wash. App. LEXIS 1887 at pp. 6-7[1].

Here, defendant completed a standard plea form and signed the form acknowledging that he read and understood its contents. Appendix "E," Statement of Defendant on Plea of Guilty. No ambiguous or contradictory language is included in the Statement on Plea of Guilty as was present in the stipulation signed in *Neff*. Defendant did not present the transcript of his plea and sentencing hearing to show that some

---

[1] A pinpoint citation to the official reporters was unavailable on Lexis at the time of submission of this pleading.

royerMDR[1].doc

106

erroneous legal statement, such as the one in *Smith*, was made below to counteract the waiver made by entry of his plea.  The conditions of *Smith* have been met, and a valid waiver has been shown.

In addition to the evidence of waiver provided by the Statement of Defendant on Plea of Guilty, the defendant's actions, or, rather, lack of action, following the entry of the plea support the conclusion that he was making an intentional decision to waive his right to appeal by entering a plea.  For over seventeen years following his plea, defendant made no effort to try to vacate his judgment or sentence.  Even assuming defendant felt precluded from filing an appeal, there are other methods of challenging a guilty plea.  Defendant did not file a CrR 7.8 motion in the superior court, or a personal restraint petition with the appellate courts, seeking relief from his plea and judgment.  The defendant did nothing but fully serve and satisfy the terms of his sentence so that he was discharged from any further supervision and control of the Department of Corrections under this case number in 1994.  Appendix "G," Order Modifying Sentence.  The complete lack of a challenge to his judgment and sentence or any expression of dissatisfaction with his plea is consistent with an intentional waiver of the right to appeal by entry of a guilty plea.

Thus, the State met its burden under *Smith* to show the intentional waiver of appeal by entry of a guilty plea, and defendant has failed to rebut that presumption.  Under *Smith*, defendant cannot show obvious or probable error by the Court of Appeals under these circumstances.

royerMDR[1].doc

107

In addition to failing to provide evidence that would rebut the presumption that defendant intentionally waived his appeal by pleading guilty, defendant failed to meet the requirements imposed by RAP 18.8(b). Defendant acknowledged that RAP 18.8(b) required him to show that "extraordinary circumstances" existed to justify an extension of time and that he must also show that an extension was necessary to prevent a "gross miscarriage of justice," but he cannot make such a showing.

Defendant does not articulate any reason for a seventeen year delay in challenging his conviction. While defendant's declaration indicates that he did not know that he could appeal, this does not explain his seventeen year silence and failure to bring a collateral attack to the judgment if he had felt that he was wrongfully convicted. In addition, prior to the entry of defendant's plea to the charge of robbery in the second degree, he had successfully exercised his right to appeal on initial robbery in the first degree charge. Moreover, defendant does not show how the denial of an appeal will constitute a gross miscarriage of justice. He chose to enter a guilty plea with an agreement from the State to recommend a credit for time served sentence to a reduced charge; he received that sentence from the court; he served his sentence and was discharged from the department of corrections on this conviction over fourteen years ago. Appendix "F," Judgment and Sentence, Appendix "G," Order Modifying Sentence, Appendix "K," Amended Information. He received everything that he bargained for.

royerMDR[l].doc

Finally, when there is a concern about whether there has been a knowing, voluntary, and intelligent waiver of the right to an appeal, it is appropriate to hold an evidentiary hearing in the trial court before granting a motion to allow late filing of a notice of appeal. *State v. Kells*, 134 Wn.2d 309, 949 P.2d 818 (1998)(case remanded for hearing); *State v. Tomal*, 133 Wn.2d at 991 (case remanded for hearing); *State v. Sweet*, 90 Wn.2d at 283, 289 (court grants relief as it had record of full evidentiary hearing and could apply proper legal standard to facts adduced below). This court could remand for such a hearing in this case.

    2.    THE COURT PROPERLY DENIED THE MOTION TO EXTEND TIME TO FILE THE NOTICE OF APPEAL AS DEFENDANT WAS SO DILATORY IN FILING HIS NOTICE THAT HE SHOULD BE DEEMED TO HAVE FORFEITED ANY RIGHT TO APPEAL.

Forfeiture is the failure to make the timely assertion of a right whereas waiver is the intentional relinquishment or abandonment of a known right. *United States v. Olano*, 507 U.S. 725, 733, 113 S. Ct. 1770, 123 L.Ed.2d 508 (1993). This court recently reiterated that the "very narrow forfeiture doctrine has been held to allow waiver of a constitutional right where the court expressly finds 'extremely dilatory'" conduct. *City of Seattle v. Klein*, 161 Wn.2d 554, 561 n. 7, 166 P.3d 1149 (2007), *citing City of Tacoma v. Bishop*, 82 Wn. App. 850, 859, 920 P.2d 214 (1996) (citing *United States v. Goldberg*, 67 F.3d 1092, 1100-01 (3d Cir. 1995)).

royerMDR[1].doc

The State submits that waiting seventeen years since entry of the judgment and fourteen years since he was discharged from any sort of restraint by the Department of Corrections stemming from the conviction before filing a notice of appeal is "extremely dilatory" conduct. The State reasonably assumed that this conviction was final many years ago. While the State may take steps to preserve its evidence while a defendant remains in custody, there is no reason to assume such precautions are necessary after the defendant's discharge. After seventeen years of inaction, the Court of Appeals may have concluded that defendant had forfeited any right to an appeal that he may have once held.

    3.      SHOULD THIS COURT REJECT THE PREVIOUS ARGUMENTS AS TO WHY THE COURT OF APPEALS PROPERLY DENIED THE MOTION, THEN THE COURT SHOULD TAKE REVIEW TO REASSESS THE BREADTH OF THE PRINCIPLES SET FORTH IN *SWEET* AND ITS PROGENY.

If this court is not persuaded that the Court of Appeals was correct in denying the motion to extend time to file a notice of appeal because the State met its burden of showing a valid waiver, or because defendant should be deemed to have forfeited his appeal by his extremely dilatory behavior, then the court should take review to reexamine the sweeping language found in *Sweet*, *Tomal* , *Kells* and *City of Seattle v. Klein*, about the nature of the State's burden when faced with a untimely notice of appeal from a criminal defendant.

- 12 -

110

The doctrine of stare decisis establishes stability in court-made law so that people can rely on legal principles beyond the terms of office of the current judiciary.  Otherwise "law could become subject to incautious action or the whims of current holders of judicial office." *In re Stranger Creek*, 77 Wn.2d 649, 653, 466 P.2d 508 (1970).  The doctrine requires a clear showing that an established rule is incorrect and harmful before it is abandoned.  *Id.*  This same standard is applied in criminal cases.  *State v. Berlin*, 133 Wn.2d 541, 547-548, 947 P.2d 700 (1997) (*overruling State v. Lucky*, 128 Wn.2d 727, 912 P.2d 483 (1996) on the basis that it was both erroneous and harmful).

The United States Supreme Court has held that "a constitutional right or a right of any other sort, 'may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it.'" *United States v. Olano*, 507 U.S. 725, 731, 113 S. Ct. 1770, 123 L.Ed.2d 508 (1993), citing *Yakus v. United States*, 321 U.S. 414, 444, 64 S. Ct. 660, 88 L.Ed.834 (1944).  This court has previously held that in the context of direct appeals, the rules for perfecting the appeals are mandatory and "responsibility for compliance cannot be shifted to the . . . court or to the prosecuting attorney."  *State v. Sodorff*, 84 Wn.2d 888, 529 P.2d 1066 (1975) (citing *State v. Carmody*, 75 Wn.2d 615, 452 P.2d 959 (1969); *State v. Gregory*, 74 Wn.2d 696, 446 P.2d 191 (1968)).

royerMDR[1].doc

111

It is clear that the wording of RAP 18.8(b) is designed to impose a heavy burden upon the person seeking an extension of time in which to file a notice of appeal.  As can be seen from defendant's motion in this case, the court's prior decisions, starting with *Sweet,* have resulted in motions where a criminal defendant says that he wants an untimely appeal and asserts that it is up to the State to show that he is not entitled to it. There is no effort to comply with what is supposed to be a rigorous test and a heavy burden of proof.  The combined effect of the decisions cited above makes it virtually impossible for the State to protect the finality of its judgment when the defendant does not file a timely appeal.

In *Kells*, the court held that even though there was no obligation under CrR 7.2 to inform the defendant of his right to appeal a declination order, the State still has the burden of showing a voluntary waiver of such a right.  The State has no control over what a defense counsel does or does not say to his client about his right to an appeal, and no power to force such discussions.  Moreover, unless the defendant claims ineffective assistance of counsel as part of his motion to extend time to file, the attorney-client privilege will prevent most defense counsel from providing any statement to the prosecution regarding conversations held with a defendant regarding the decision to appeal in the event a defendant files an untimely motion.  Thus, the State cannot protect the finality of its judgment in this situation.

royerMDR[1].doc

112

The State can make sure that the defendant is read his appellate rights under CrR 7.2(b) at the time of sentencing, but under *Sweet*, this will not guarantee finality of the judgment if the thirty day deadline is missed. Mr. Sweet was informed of his rights at the time of sentencing in accordance with the rule; he was told that he would lose his rights if the notice of appeal was not filed within thirty days. This was held insufficient to show waiver. It would be improper for the prosecutor to contact the defendant to see if he wants to appeal his conviction following sentencing. While the court could inquire of defendant at the time of sentencing whether he intends to appeal, a defendant may be undecided at that point and wish to discuss the matter with his attorney. Under the court rules, defendant's trial attorney is under no obligation to file any statement with the court regarding his client's desire, or lack thereof, to appeal his conviction. Moreover, under *Tomal*, any communication that the State has with defendant's counsel will not be imputed to the defendant. The State has no means of protecting the finality of its judgment in this situation.

It cannot be questioned that the State, the general public, and the courts have a strong interest in the finality of criminal judgments. The public's confidence in the justice system is undermined by a lack of finality in judgment and courts become further backlogged with reviewing old cases. *Custis v. United States*, 511 U.S. 485, 497, 114 S. Ct. 1732, 128 L.Ed.2d 517 (1994) ("'inroads on the concept of finality tend to

royerMDR[1].doc

113

undermine confidence in the integrity of our procedures' and inevitably delay and impair the orderly administration of justice[,]" *citing United States v. Addonizio*, 442 U.S. 178, 184, n. 11, 99 S. Ct. 2235, 60 L.Ed.2d 805 (1979)). Untimely challenges to convictions based on guilty pleas are particularly harmful due to the number of cases in our system resolved by plea, and because the concern that unfair procedures may have resulted in the conviction of an innocent defendant is rarely raised by efforts to set aside a guilty plea. *United States v. Timmreck*, 441 U.S. 780, 784, 99 S. Ct. 2085, 60 L.Ed.2d 634 (1979).

> Every inroad on the concept of finality undermines confidence in the integrity of our procedures; and, by increasing the volume of judicial work, inevitably delays and impairs the orderly administration of justice. The impact is greatest when new grounds for setting aside guilty pleas are approved because the vast majority of criminal convictions result from such pleas.

*Id.* The United States Supreme Court has used the public's interest in promoting finality of judgment as a justification for limiting a criminal defendant's ability to collaterally attack a prior conviction in subsequent federal criminal sentencing hearings or in a federal collateral attack. *Custis v United States, supra*; *Daniels v. United States*, 532 U.S. 374, 121 S. Ct. 1578, 149 L.Ed.2d 590 (2001). The Legislature has enacted provisions to limit the availability of collateral relief in order to protect the finality of criminal convictions. RCW 10.73.090. Evidence and records may be destroyed by the State upon belief and reliance that a criminal

royerMDR[1].doc

114

conviction is final, thereby making prosecution difficult or impossible

should the case be reopened.  Witnesses and other evidence may be

unavailable for retrial.  Victims and families of victims can be traumatized

by the reopening of a case thought resolved long ago.  Usually, the

public's "legitimate interest in the finality of ... [a criminal] judgment has

been perfected by the expiration of the time allowed for direct review or

by the affirmance of the conviction on appeal." *United States v. Frady*,

456 U.S. 152, 164, 102 S. Ct. 1584, 71 L.Ed.2d 816 (1982).  Under this

court's decisions, there is no certainty of finality upon expiration of the

time allowed for direct review in a criminal case and that is harmful to our

justice system.

The United States Supreme Court has noted that procedural default

rules are particularly important in an adversarial system.

> Procedural default rules are designed to encourage parties
> to raise their claims promptly and to vindicate "the law's
> important interest in the finality of judgments." *Massaro*[2],
> 538 U.S., at 504, 123 S. Ct. 1690, 155 L.Ed.2d 714. The
> consequence of failing to raise a claim for adjudication at
> the proper time is generally forfeiture of that claim.

*Sanchez-Llamas v. Oregon*, 548 U.S. 331, ___, 126 S. Ct. 2669, 2685,

165 L.Ed.2d 557 (2006).  The strict time limit for filing an appeal and the

requirements of RAP 18.8 are designed to force prompt resolution of

---

[2] *Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L.Ed.2d 714 (2003).

royerMDR[1].doc

115

claims, but the courts need to enforce the stringent requirement of the rule in criminal cases when the defendant seeks untimely review.

Under the sweeping language of this court's rulings, there can never be a presumption of waiver, even after the passage of considerable time. This court should be concerned about the impact the construction given to RAP 18.8(b) and its progeny is having on the criminal justice system. The federal system requires a similar showing of "extraordinary circumstances" to reopen a final judgment under its procedural rules; the Supreme Court noted that a very strict interpretation of its rule was "essential if the finality of judgments is to be preserved." *Gonzalez v. Crosby*, 545 U.S. 524, 535, 125 S. Ct. 2641, 162 L.Ed.2d 480 (2005). *Sweet* and its progeny remove the teeth from RAP 18.8 and fail to provide sufficient protection against untimely challenges to criminal convictions. This Court should be concerned that RAP 18.8(b) provides assurance of finality of judgment protection to every type of litigant in Washington except for criminal prosecutors. If the court does not find that the State has met its burden of showing a waiver based on the argument above, then the court should take discretionary review to assess whether it needs to retreat from the principles set forth in *Sweet* and its progeny.

royerMDR[1].doc

116

F.      CONCLUSION.

For the foregoing reasons the State asks this Court to deny the

motion for discretionary review.  As an alternative to granting review, the

Court could remand for an evidentiary hearing on whether the standard of

RAP 18.8 can be shown.  If the Court does take review, then the Court

should also consider whether to retreat from its prior decisions requiring

the State to prove a criminal defendant's knowing waiver of his right to an

appeal whenever defendant files an untimely notice of appeal.  The current

state of the law does not provide sufficient assurance that the expiration of

the time to file a notice of appeal will operate as bar to a defendant's

ability to challenge his conviction, and fails to provide the State with a

means of ensuring that an unappealed conviction will be considered a final

judgment by the courts.

DATED:  June 16, 2008.


GERALD A. HORNE
Pierce County
Prosecuting Attorney


MICHELLE HYER
Deputy Prosecuting Attorney
WSB # 32724

royerMDR[1].doc

117

FILED
COURT OF APPEALS
DIVISION II

08 JUN 16  PM 2:32

STATE OF WASHINGTON
BY_____
        DEPUTY

Certificate of Service:

The undersigned certifies that on this day she delivered by U.S. mail or ABC-LMI delivery to the attorney of record for the appellant and appellant c/o his attorney true and correct copies of the document to which this certificate is attached.  This statement is certified to be true and correct under penalty of perjury of the laws of the State of Washington.  Signed at Tacoma, Washington, on the date below.

913359

_____
Date        Signature

royerMDR[1].doc

118

# APPENDIX "A"

*Judgment and Sentence*

VOL.335 PAGE 2613

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## FOR THE COUNTY OF PIERCE

THE STATE OF WASHINGTON

                                Plaintiff,

              vs.

DEAN ALAN ROYER

                             Defendant.

SID NO. __WA13092909__
         __M/W  12-08-67__

NO. ___88-1-00283-7___

JUDGMENT AND *SENTENCE*

*This court having conducted a sentencing hearing pursuant to RCW 9.94A.110 on* __June 29, 1988__ _____ *upon defendant's conviction(s) of the crime(s) set forth below, and the court having heard from the parties and considered the presentence reports and the records and files herein, and otherwise being fully advised, now makes the following findings:*

*1.   PARTIES PRESENT:  Present at the sentencing hearing were the defendant, the defendant's attorney,* _____
    __DAVID SHAW__ _____ , *Deputy Prosecuting Attorney*   __LORI J. KENNEDY__ _____ ,

*and* _____

*2.   CURRENT OFFENSE(S):  The defendant has been convicted of the following current offense(s) upon a* ~~plea of guilty/~~ *conviction by jury/* ~~verdict of guilty by the court~~, *on the* __17th__ *day of* __May__ , *19* __88__ .

| | | |
|---|---|---|
| Count __I__ | Crime: | __ROBBERY IN THE FIRST DEGREE__ |
| | RCW: | __9A.56.190 & 9A.56.200(1)(a)__ . Crime Code: _____ |
| | Date of Crime: | __04-24-87__ |
| | Incident Number: | __87-114-005__ |
| | Special Finding: | __Yes D/W__ |

FILED
IN COUNTY CLERK'S OFFICE
A.M. JUN 30 1988
PIERCE COUNTY CLERK
DEPUTY
BY

| | | |
|---|---|---|
| Count _____ | Crime: | _____ |
| | RCW: | _____ . Crime Code: _____ |
| | Date of Crime: | _____ |
| | Incident Number: | _____ |
| | Special Finding: | _____ |

| | | |
|---|---|---|
| Count _____ | Crime: | _____ |
| | RCW: | _____ . Crime Code: _____ |
| | Date of Crime: | _____ |
| | Incident Number: | _____ |
| | Special Finding: | _____ |

*[  ]  Additional current offenses attached as Appendix A.*

*This court has jurisdiction of the defendant and the subject matter. It is ADJUDGED that the defendant is guilty of the current offenses set forth above.*

Z-2465-1
                               -1-

120

VOL 335 PAGE 2617

**FINGERPRINTS**

Fingerprint(s) of: ___ DEAN ALAN ROYER _____ 88-1-00283-7 ___

Attested by: _____

CLERK

By: _____ Date: _____

DEPUTY CLERK

| **CERTIFICATE** | **OFFENDER IDENTIFICATION** |
|---|---|
| I, _____, <br> Clerk of this court, certify that the above is a true copy of the Judgment and Sentence in this action on record in my office. | State I.D. Number ___WA13092909___ <br><br> Date of Birth ___12-08-67___ |
| Dated: _____ | Sex ___Male___ |
| _____ <br> Clerk | Race ___White___ |
| By: _____ <br> Deputy Clerk | |

Z-2465-9

-5-

8631 3/19/2007 00129

121

VOL 335 PAGE 2614

The following group(s) of current offenses encompassed the same criminal conduct and should be counted as one crime in determining the offender score (RCW 9.94A.400 (1)): _____

_____

The following counts in the _____ information are hereby dismissed: _____

_____

3.    CRIMINAL HISTORY:  This Court finds that the defendant has the following criminal history used in calculating the offender score pursuant to RCW 9.94A.360:

| | Sentencing Date | Crime | Adult/Juvenile | Crime Date | Crime Type |
|---|---|---|---|---|---|
| 1. | 86-1-00107-6 10-22-86 | Burg 2 | Adult | 01-15-86 | NV |
| 2. | 86-1-00766-2 10-22-86 | Burg 2 | Adult | 01-27-86 | NV |
| 3. | 85-1-02875-5 10-18-85 | Burg 2 | Adult | 07-04-85 | NV |
| 4. | 87-1-01601-5 09-02-87 | Burg 2 | Adult | 05-05-87 | NV |
| | 06-27-88 | Escape 1 | Adult | 05-17-88 | NV |

[  ] The defendant's criminal history is attached in Appendix B and incorporated by reference into this Judgment and Sentence.

4.    SENTENCE DATA:

| | OFFENDER SCORE | SERIOUSNESS LEVEL | RANGE | MAXIMUM TERM |
|---|---|---|---|---|
| Count  I | 4 | IX | 51-68 months + 24-24 months* | 20 yrs-LIFE |
| Count | | | 75-92 months | |
| Count | | [*Plus 24 months minimum for deadly weapon] | | |

[  ] Presumptive data score sheet(s) is attached as Appendix C and is incorporated by reference into this judgment.

5.    SENTENCE ALTERNATIVE FINDINGS:

[  ] A.  FIRST TIME OFFENSE: The defendant qualifies as a first-time offender pursuant to RCW 9.94A. 120 (5). The first-time offender waiver is/is not used in this sentence.

[  ] B.  EXCEPTIONAL SENTENCE:  Substantial and compelling reasons exist which justify a sentence above/below the standard range for count(s) _____ . Findings of Fact and Conclusions of Law pursuant to RCW 9.94A.120 (3) and Stipulations as to real and material facts, if any, are attached as Appendix D.

[  ] C.  SPECIAL SEXUAL OFFENDER SENTENCING ALTERNATIVE:  The defendant has been convicted of a felony sexual offense as specified in RCW 9.94A.120 (7) (a) and is eligible for use of the special sexual offender sentencing alternative. The defendant and the community will/will not benefit from use of the alternative.

[  ] D.  SEXUAL OFFENDER TREATMENT PROGRAM: The defendant has been convicted of a felony sexual offense, does not qualify for the special sexual offender sentencing alternative, and is to be sentenced to a term of confinement of more than one year but less than six years. The defendant shall/shall not be ordered committed for evaluation for treatment pursuant to RCW 9.94A.120 (7) (b).

Z-2465-2                                                                -2-

122

VOL 335 PAGE 2615

[  ] E.   RESTITUTION. Based on information concerning restitution attached in Appendix E, the defendant is responsible for payment of restitution:

[  ] For offenses adjudicated herein pursuant to RCW 9.94A.140 (1).

[  ] For offenses which were not prosecuted and for which the defendant agreed to make restitution in a plea agreement, which is attached to Appendix E.

[  ] To be set by later order of court.

6.   [  ] MONETARY PAYMENTS  JUDGMENT AND SENTENCE:   The defendant is ADJUDGED to be responsible for making monetary payments as stated below, within ten years, under the supervision of the Department of Corrections. The defendant is ORDERED to make the following monetary payments:

| | | |
|---|---|---|
| [  ] A.   COSTS: Court costs in the amount of | $ | _____ |
| [X] B.   VICTIM ASSESSMENT: Penalty assessment pursuant to RCW 7.68.035: | $ | 70.00 |
| [  ] C.   RESTITUTION: Restitution payments to: (subject to modification based on failure of co-defendants to pay): | | |
| _____ | $ | _____ |
| _____ | $ | _____ |
| _____ | $ | _____ |
| _____ | $ | _____ |
| [  ] Restitution information attached in Appendix E - - total amount ordered: | $ | _____ |
| [  ] D.   RECOUPMENT: Recoupment for defense attorney's fees of | $ | _____ |
| [  ] E.   FINE: A monetary fine in the amount of | $ | _____ |
| [  ] F.   DRUG ENFORCEMENT FUND: Reimbursement in the amount of | $ | _____ |
| [  ] G.   OTHER: Other costs in the amount of | $ | _____ |
| for _____ | T  $ 70 00 | |

The above payments shall be made to the Pierce County Superior Court Clerk, 110 County-City Building, Tacoma, Washington 98402, and the Clerk of the Court shall credit monetary payments to the above obligations in the above listed order according to the rules of the clerk and according to the following terms:

_____

_____

[✗] Terms to be set by defendant's Community Correction Officer.

Provided that no forfeiture proceedings are pending at the date of this order, bail or bond is exonerated.

Z-2465-3                            -3-

9631 3/19/2807 00127

123

VOL 335 PAGE 2616

**(SENTENCE OVER ONE YEAR)**

7.   *DETERMINATE JUDGMENT AND SENTENCE: The court having determined that no legal cause exists to show why a further judgment should not be pronounced, it is therefore ORDERED, ADJUDGED and DECREED the defendant serve the determinate sentence and abide by the conditions set forth below.*

The defendant is sentenced to a term of total confinement in the custody of the Department of Corrections for ___88___ months on Count I, _____ months on Count II, _____ months on Count III, with credit for time ___74___ days ~~months~~ served prior to this date.

*Concurrent w/ Cause # 88-1-01392-8*

[  ] the terms in counts _____ are concurrent.

[  ] the terms in counts _____ are consecutive, for a total term of _____ months.

*The following appendices are attached to this Judgment and Sentence and are incorporated by this reference:*

[  ] *Appendix A, Current Offenses*
[  ] *Appendix B, Current History*
[  ] *Appendix C, Sentence Scoring Worksheet(s)*
[  ] *Appendix D, Exceptional Sentence*
[  ] *Appendix E, Restitution*

DONE IN OPEN COURT this ___29th___ day of ___June___, 19 __88__.

_____
*JUDGE*

**FILED**
IN COUNTY CLERK'S OFFICE

A.M.  **JUN 30 1988**  P.M.

PIERCE ~~TED RUTT, COUNTY CLERK~~
BY _____ DEPUTY

*Presented by:*

*Approved as to form:*

_____
*Deputy Prosecuting Attorney*

_____
*Attorney for Defendant*

Z-2465-6                                    -4-

8631 3/19/2007 00128

124

SUPERIOR COURT OF WASHINGTON FOR PIERCE COUNTY

. VOL 335 PAGE 2612

STATE OF WASHINGTON

Plaintiff,

vs.

DEAN ALAN ROYER

Defendant.

NO.    88-1-00283-7

**WARRANT OF COMMITMENT**

1) [ ] County Jail
2) [✓] Department of Corrections
3) [ ] Other - Custody
4) [ ] Western State Hospital (Sexual Offender)

---

### THE STATE OF WASHINGTON TO THE DIRECTOR OF ADULT DETENTION OF PIERCE COUNTY

WHEREAS, Judgment has been pronounced against the defendant in the Superior Court of the State of Washington for the County of Pierce, that the defendant be punished as specified in the Judgment and Sentence/ Order Modifying/Revoking Probation/Community Supervision, a full true and correct copy of which is attached hereto.

[ ] 1.    YOU, THE DIRECTOR, ARE COMMANDED to receive the defendant for classification, confinement and placement as ordered in the Judgment and Sentence. (Sentence of confinement in Pierce County Jail).

[✗] 2.    YOU, THE DIRECTOR, ARE COMMANDED to take and deliver the defendant to the proper officers of the Department of Corrections; and

YOU, THE PROPER OFFICERS OF THE DEPARTMENT OF CORRECTIONS, ARE COMMANDED to receive the defendant for classification, confinement and placement as ordered in the Judgment and Sentence. (Sentence of confinement in Department of Corrections custody).

[ ] 3.    YOU, THE DIRECTOR, ARE COMMANDED to receive the defendant for classification, confinement and placement as ordered in the Judgment and Sentence. (Sentence of confinement or placement not covered by Sections 1 and 2 above and 4 below).

[ ] 4.    The defendant is committed for up to thirty (30) days evaluation at Western State Hospital to determine amenability to sexual offender treatment.

YOU, THE DIRECTOR, ARE COMMANDED to take and deliver the defendant to the proper officers of the State pending delivery to the proper officers of the Secretary of the Department of Social and Health Services.

YOU, THE PROPER OFFICERS OF THE SECRETARY OF THE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, ARE COMMANDED to receive the defendant for evaluation as ordered in the Judgment and Sentence.

**FILED**
IN COUNTY CLERK'S OFFICE
A.M. JUN 30 1988 P.M.
TED RUTT, COUNTY CLERK
BY_____ DEPUTY

Dated: _____ June 29, 1988

By direction of the Honorable

TED RUTT
COUNTY CLERK

Judge

Clerk

By: _____
Deputy Clerk

cc:    Prosecuting Attorney
      Defendant's Lawyer
      Defendant
      Jail
      Institutions (3)

WARRANT OF COMMITMENT

Cert. copy delivered to Sheriff
Date 7/1/88 By C. Luder Deputy

Z-2490

8631  3/19/2887  88124

125

# APPENDIX "B"

*Notice of Appeal*

VOL 342 PAGE 334

**FILED**
IN COUNTY CLERK'S OFFICE

A.M. JUL 28 ~~~~ P.M.

PIERCE COUNTY, WASHINGTON

BY_____DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF PIERCE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| Plaintiff, | ) | NO. 88-1-00283-7 |
| vs. | ) | |
| Dean Alan Royer | ) | NOTICE OF APPEAL TO |
| | ) | COURT OF APPEALS |
| Defendant. | ) | |

TO:   THE STATE OF WASHINGTON and JOHN LADENBURG, Prosecuting Attorney for Pierce County.

YOU, AND EACH OF YOU, will please take notice that the above defendant seeks review by Division II of the Court of Appeals of the judgment of conviction rendered against him on the 29th day of June , 198 8 .

_David S. Shaw_
**Attorney for Defendant**

Department of Assigned Counsel
945 Market Street, No. 334
Tacoma, Washington 98402

8631 3/19/2007 00139

127

# APPENDIX "C"

*Court of Appeals Opinion*

618 1783

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| THE STATE OF WASHINGTON, | ) | NO. 12160-3-II |
| | ) | |
| Respondent, | ) | DIVISION TWO |
| | ) | |
| v. | ) | |
| | ) | |
| DEAN ALAN ROYER, | ) | |
| | ) | |
| Appellant. | ) | FILED:  August 13, 1990 |

REED, J. -- Dean Alan Royer appeals his first degree robbery conviction. He argues that the photo montage identification procedure was improper because he was in custody at the time the montage was shown to the witness who identified him. Royer also argues that both his *Fifth* and *Sixth* Amendment *rights to counsel* were violated because an officer was allowed to testify regarding his in-custody interrogation of Royer after the appointment of counsel. We reverse.

On April 24, 1987, Kevin Bennett was working as a cashier at *a convenience store when two men entered the store.* One pulled a gun and demanded money; Bennett complied with the demand.

After the men left, Bennett reported the robbery to the police. For lack of evidence, the police did not pursue the case until several months later when they received an anonymous tip implicating Royer and one Grissom. Detective Werner, the officer assigned to the case, prepared two photo montages: one including Royer and one including Grissom.

Because Bennett then was living in Virginia, Werner contacted Officer Dudley of the Salem, Virginia police department, who agreed

8631 3/19/2807 00152

618 1785

12160-3-II/2

to show the montages to Bennett.  Bennett identified Royer, but not Grissom.  Royer, who was in the Shelton correctional facility at the time, was charged with the robbery.

Royer was arraigned for the robbery on March 16, 1988, at which time he requested and was given legal counsel. On March 17, after reading Royer his <u>Miranda</u> rights, Detective Werner questioned him at the Pierce County jail.  After stating that he understood his rights, Royer signed a waiver form.  Although there was some *discussion* with Werner concerning the fact that Royer had an attorney, it is unclear who represented him at that time and whether Royer had discussed the present charges with his attorney.[1]

At the suppression hearing Detective Werner testified that Royer made the following statements on March 17, 1988:

    (1)  "I can beat this rap."
    (2)  "I will kill anyone who testifies against me."
    (3)  "I will tell Grissom that he has nothing to worry about."
    (4)  "I will not give you the name of the second suspect."

The trial court denied Werner's Fifth and Sixth Amendment motions to suppress his statements, but did rule out statements one and two as being unduly prejudicial.

Royer also moved to suppress the montage identification, arguing that such a procedure is impermissible when the suspect is in custody.  The court ruled that both montages could come into evidence.

The case went to trial and the jury convicted Royer of first degree robbery.

### Sixth Amendment Right to Counsel

Defendant argues that his Sixth Amendment right to counsel was

---

[1]At the time of the post-arraignment interrogation, Royer was represented by assigned counsel. It is not clear that the same attorney represented him at arraignment.

2

618 1786

12160-3-II/3

violated by Werner's custodial interrogation, and that his statements should have been suppressed. We agree.

The Sixth Amendment right to counsel attaches when the state lodges formal proceedings against an accused. _Arizona v. Roberson_, 486 U.S. 675, 100 L. Ed. 2d 704, 716, 108 S. Ct. 2093 (1988); _State v. Dictado_, 102 Wn. 2d 277, 294, 687 P. 2d 172 (1984). However, the accused must assert or exercise that right before the police are prohibited by the Sixth Amendment from thereafter initiating custodial questioning without the lawyer being present. _Patterson v. Illinois_, 487 U.S. 285, 101 L. Ed. 2d 261, 108 S. Ct. 2389 (1988).[2] Once exercised, the Sixth Amendment guarantees the accused the right to rely on his counsel as a "medium" between himself and the state. _Michigan v. Jackson_, 475 U.S. 625, 632, 89 L. Ed. 2d 631, 106 S. Ct. 1404 (1986). According to the _Jackson_ court:

> if police initiate interrogation after a defendant's assertion, at an arraignment or similar proceeding, of his [Sixth Amendment] right to counsel, any waiver of the defendant's right to counsel for that police-initiated interrogation is invalid.

_Jackson_, 475 U.S. at 636, 106 S. Ct. at 1411.

Consequently, because Royer requested and received legal counsel at his arraignment, the interrogation initiated by Werner was improper, the waiver was invalid, and the entirety of the conversation should have been suppressed on Royer's motion.

Because we perceive problems with the eyewitness testimony,[3]

---

[2]In _Patterson_, the right to counsel attached upon indictment, but the defendant had not sought legal counsel before his interrogation. Consequently, his waiver, after being given the usual _Miranda_ warnings, of both his Fifth and Sixth Amendment rights were held valid.

[3]Eyewitness Bennett was positive in his identification of Royer but was mistaken in his identification of Grissom, selecting another individual who was in the Pierce County jail on the night of the robbery. Bennett conceded that he did not have much time to look at either of the two assailants and that he was

3

8631 3/19/2887 88154

131

618 1787

12160-3-II/4

we cannot conclude that the constitutional error in this case was harmless beyond any reasonable doubt, and Royer's conviction must be reversed.

Because of our holding on the Sixth Amendment, we need not address Royer's Fifth Amendment contention.

### Identification Procedures

Royer also argues that it is impermissible to use photographic identification procedures when a defendant is in custody, citing State v. Thorkelson, 25 Wn. App. 615, 619, 611 P.2d 1278 (1980). However, this court has declined expressly to follow Thorkelson, reasoning as follows:

> a photographic identification conducted while a defendant is in custody, although not favored, will be suppressed only if it is so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.[2]

State v. Weddel, 29 Wn. App. 461, 473, 629 P.2d 912 (1981). Because we see no impermissible suggestiveness here, the identification procedure was properly conducted and may be used in any retrial.

Reversed and remanded for a new trial.

WE CONCUR:

_Petrich a.c.j._

_Worswick, J._

---

hit over the head and knocked senseless by the unidentified suspect.

4

8631 3/19/2007 88155

# APPENDIX "D"

*Mandate from 11/26/90*

618 1782

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

### DIVISION II

**FILED**
IN COUNTY OF APPEALS OFFICE
A.M. **NOV 2 6 1990** P.M.
PIERCE COUNTY, WASHINGTON
TED RUTT, COUNTY CLERK
BY _____ DEPUTY

| | | |
|---|---|---|
| THE STATE OF WASHINGTON, | ) | No. 12160-3-II |
| Respondent, | ) | |
| | ) | |
| v. | ) | MANDATE |
| | ) | |
| DEAN ALAN ROYER, | ) | Pierce County Cause No. |
| Appellant. | ) | 88-1-00283-7 |
| | ) | |
| _____ | ) | |

The State of Washington to:  The Superior Court of the State of
Washington in and for Pierce County

        This is to certify that the opinion of the Court of Appeals of
the State of Washington, Division II, filed on August 13, 1990,
became the decision terminating review of this court of the above
entitled case on September 13, 1990.  This cause is mandated to the
superior court from which the appeal was taken for further
proceedings in accordance with the attached true copy of the opinion.



IN TESTIMONY WHEREOF, I have
hereunto set my hand and
affixed the seal of said Court
at Tacoma, this *20TH* day of
November, 1990.

_____
Clerk of the Court of Appeals,
State of Washington, Div. II

Reporter of Decisions
Indeterminate Sentence Review Board

Bryan G. Hershman
Attorney at Law
2102 North 30th
Tacoma, WA  98403

Chris Quinn-Brintnall
Dpty Pros Attorney
946 County-City Bldg.
Tacoma, WA  98402

Judge Robert H. Peterson
Pierce County Superior Court
County-City Bldg.
Tacoma, WA  98402

8631 3/19/2007 00151

134

# APPENDIX "E"

*Statement of Defendant on Plea of Guilty*

629 0904

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

### FOR PIERCE COUNTY

FILED
CRIMINAL DIVISION
2
DEC 20 1990
Pierce County Clerk
BY _____ DEPUTY

STATE OF WASHINGTON,

Plaintiff,

vs.

_Dean Alan Royer_ ,

Defendant.

NO. 88-1-00283-7

STATEMENT OF DEFENDANT ON PLEA OF GUILTY (Felony)

1. My true name is _Dean Alan Royer_

2. My age is _23_ D.O.B. 2-8-67

3. I went through the _10th_ grade in school. G.E.D.

4. I have been informed and fully understand that I have the right to representation by a lawyer and that if I cannot afford to pay for a lawyer, one will be provided at no expense to me. My lawyer's name is: _Linda B. Sullivan_

5. I have been informed and fully understand that I am charged with the crime(s) of _Robbery 2°_

The elements of the crime(s) are: _On or about April 24, 1987, in Pierce Co., WA., the defendant did unlawfully and feloniously take personal property from the person or in the presence of another against their will._

The maximum sentence(s) is (are): _10_ years and $ _20,000_ _____ fine(s).

In addition, I understand that I may have to pay restitution for crime(s) to which I enter a guilty plea and for any other uncharged crime(s) for which I have agreed to pay restitution. The standard sentence range for the crime(s) is/are at least _11 to 15_ and no more than _20 mos._

Based upon my criminal history which I understand the Prosecutor presently knows to be: _____

| _Burg 2°_ | _10.22.86_ | _1_ |
| _"_ | _10.22.86_ | _1_ |
| _"_ | _10.18.85_ | _1_ |
| _"_ | _9-2-87_ | _1_ |
| _Escape P_ | _6.29.88_ | _1_ |

_Offender score = (4)_

I represent to the court that my criminal history set out above is true, accurate and complete to the best of my knowledge and belief.

[  ] Criminal history attached as appendix _____ and incorporated by reference.

I have been given a copy of the information.

And I further understand that if I am a First Time Offender, the court may decide not to impose the standard sentence range, and then the court may sentence me for up to 90 days of total confinement and two years of community supervision.

6. I have been informed and fully understand that:

(a) I have the right to a speedy and public trial by an impartial jury in the county where the crime is alleged to have been committed.

Z-2466-1

136

8631 3/19/2887 88167

629 0905

(b) I have the right to remain silent before and during trial, and I need not testify against myself.

(c) I have the right to hear and question any witness who testifies against me.

(d) I have the right at trial to have witnesses testify for me. These witnesses can be made to appear at no expense to me.

(e) I am presumed innocent until the charge(s) is (are) proven beyond a reasonable doubt, or I enter a plea of guilty.

(f) I have the right to appeal a determination of guilt after a trial.

(g) If I plead guilty, I give up the rights in statements (a) through (f) of this paragraph 6.

7. I plead ___guilty___ to the crime(s) of ___Robbery 2___
___, as charged in the ___amended___ information.

8. I MAKE THIS PLEA FREELY AND VOLUNTARILY.

9. No one has threatened harm of any kind to me or to any other person to cause me to make this plea.

10. No person has made promises of any kind to cause me to enter this plea except as set forth in this statement.

11. I have been informed and fully understand that the Prosecuting Attorney will make the following recommendations to the court: _20 mos., credit for time served *, $78 costs,_ _$100 CVPA; $00 DAC recoupment_

_* Def. has been in custody for 20 mos._ _and should receive credit for 20 mos._

12. I have been informed and fully understand that the standard sentencing range is based on the crime charged and my criminal history. Criminal history includes prior convictions, whether in this state, in federal court, or elsewhere. Criminal history also includes convictions of guilty pleas at juvenile court that are felonies and which were committed when I was fifteen years of age or older. Juvenile convictions count only if I was less than twenty-three years of age at the time I committed the present offense. **I fully understand that if criminal history in addition to that listed in paragraph 5 is discovered, the standard sentence range may increase. Even so, I fully understand that my plea of guilty to this charge is binding upon me if accepted by the court, and I cannot change my mind without court approval if additional criminal history is discovered and the standard sentence range and the Prosecuting Attorney's recommendation increases:**

I further understand that if additional criminal history is discovered the Prosecuting Attorney's recommendation may increase up to the high end of the new standard range and if I have been sentenced, the Prosecuting Attorney may seek to have me resentenced based on my new criminal history.

13. I have been informed and fully understand that the court does not have to follow anyone's recommendation as to sentence. I have been fully informed and fully understand that the court must impose a sentence within the standard sentence range unless the court finds substantial and compelling reasons not to do so. If the court goes outside the standard sentence range, either I or the state can appeal that sentence. If the sentence is within the standard sentence range, no one can appeal the sentence. I also understand that the court must sentence to a mandatory minimum term, if any, as provided in paragraph 14 and that the court may not vary or modify that mandatory minimum term for any reason.

14. I have been further advised that the crime(s) of _____

_____

with which I am charged carries with it a term of total confinement of not less than ___N/A___ years. I have been advised that the law requires that a term of total confinement be imposed and does not permit any modification of this mandatory minimum term. (If not applicable, any or all of this paragraph may be stricken and initialed by the defendant and the judge).

15. I have been advised that the sentences imposed in Counts ___N/A___ will run consecutively/concurrently unless the court finds substantial and compelling reasons to run the sentences concurrently/consecutively.

16. I understand that if I am on probation, parole, or community supervision, a plea of guilty to the present charge(s) will be sufficient grounds for a Judge to revoke my probation or community supervision or for the Parole Board to revoke my parole.

Z-2466-2

8631 3/19/2007 00168

629 0905

17. I understand that if I am not a citizen of the United States, a plea of guilty to an offense punishable as a crime under state law is grounds for deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.

18. The court has asked me to state briefly in my own words what I did that resulted in my being charged with the crime(s) in the information. This is my statement: _I want to plead guilty to take advantage of the plea bargain. I have reviewed the evidence in this case and understand that there is a reasonable likelihood of conviction should I go to trial and I don't want to risk that._

19. I have read or have had read to me and fully understand all of the numbered sections above (1 through 19) and have received a copy of this "Statement of Defendant on Plea of Guilty" form. I have no further questions to ask of the court.

_____
Defendant

_____
Deputy Prosecuting Attorney

_____
Defendant's Attorney

The foregoing statement was read by or to the defendant and signed by the defendant in the presences of his or her attorney, and the undersigned Judge, in open court. The court finds the defendant's plea of guilty to be knowingly, intelligently and voluntarily made, that the court has informred the defendant of the nature of the charge and the consequences of the plea, that there is a factual basis for the plea, and that the defendant is guilty as charged.

Further, the court finds that acceptance of this plea is consistent with prosecuting standards and the interests of justice.

Dated this _____20_____ day of _____Dec_____, 19__90__

_____
Judge

FILED
CRIMINAL DIVISION
2
DEC 20 1990
Pierce County Clerk
By _____ DEPUTY

Certificate of translator:

I _____, certify that I am fluent in the defendant's language, _____, that the written statement above has been translated by me orally/in writing and that the defendant acknowledges that he/she understands the translation.

_____

_I have been given a copy of the information._

Z-2466-3

138

8631 3/19/2007 00169



# APPENDIX "F"

*Judgment and Sentence*

139

630 0183

DEC 19 1990

FILED
CRIMINAL DIVISION
DEC 20 1990
Pierce County Clerk
BY _____ DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF PIERCE

|  |  |  |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| Plaintiff, | ) | NO.  88 1 00283 7 |
| | ) | |
| vs. | ) | WARRANT OF COMMITMENT |
| | ) | |
| DEAN ALAN ROYER, | ) | 1) [ ] County Jail |
| | ) | 2) [✓] Department of Corrections |
| | ) | 3) [ ] Other – Custody |
| Defendant. | ) | |

THE STATE OF WASHINGTON TO THE DIRECTOR OF ADULT DETENTION OF PIERCE COUNTY:

WHEREAS, Judgment has been pronounced against the defendant in the Superior Court of the State of Washington for the County of Pierce, that the defendant be punished as specified in the Judgment and Sentence/Order Modifying/Revoking Probation/Community Supervision, a full and correct copy of which is attached hereto.

[ ]  1.   YOU, THE DIRECTOR, ARE COMMANDED to receive the defendant for classification, confinement and placement as ordered in the Judgment and Sentence. (Sentence of confinement in Pierce County Jail).

[✓]  2.   YOU, THE DIRECTOR, ARE COMMANDED to take and deliver the defendant to the proper officers of the Department of Corrections; and

YOU, THE PROPER OFFICERS OF THE DEPARTMENT OF CORRECTIONS, ARE COMMANDED to receive the defendant for classification, confinement and placement as ordered in the Judgment and Sentence. (Sentence of confinement in Department of Corrections custody).

WARRANT OF COMMITMENT – 1

Office of Prosecuting Attorney
946 County-City Building
Tacoma, Washington 98402
Telephone: 591-7400

8631 3/19/2007 00170

140

630 0184

[  ]  3.      YOU, THE DIRECTOR, ARE COMMANDED to receive
              the defendant for classification, confinement
              and placement as ordered in the Judgment and
              Sentence.  (Sentence of confinement or
              placement not covered by Sections 1 and 2
              above).

By direction of the Honorable

Dated: 12/20/90

J U D G E

TED RUIT

C L E R K

By:

D E P U T Y   C L E R K

CERTIFIED COPY DELIVERED TO SHERIFF

Date 12/21/90   By Sandy Dyppa   Deputy

pas

FILED
CRIMINAL DIVISION
DEC 20 1990
Pierce County Clerk
By                 DEPUTY

WARRANT OF COMMITMENT - 2

Office of Prosecuting Attorney
946 County-City Building
Tacoma, Washington 98402
Telephone: 591-7400

8631 3/19/2007 00171

141

630 0185

FILED DEC 19 1990
CRIMINAL DIVISION
20 1990
Pierce County Clerk
By _____ DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF PIERCE

STATE OF WASHINGTON, )
                                    )
                    Plaintiff,      )    NO.   88 1 00283 7
                                    )
        vs.                         )    JUDGMENT AND SENTENCE
                                    )
DEAN ALAN ROYER,                    )
                                    )
                    Defendant.      )
_____)

SID NO. WA13092909      DOB: 2-8-67      RACE/SEX: M/W

THIS COURT having conducted a sentencing hearing pursuant to RCW 9.94A.110 on _____12/20/90_____ (date), upon defendant's conviction(s) of the crime(s) set forth below, and the court having heard from the parties and considered the presentence reports, if any, and the records and files herein, and otherwise being fully advised, now makes the following findings:

1.  PARTIES PRESENT:  Present at the sentencing hearing were the defendant, and the defendant's attorney LINDA SULLIVAN, and LORI J. KENNEDY, Deputy Prosecuting Attorney.

2.  OFFENSE(S):  The defendant has been convicted of the following offenses(s) upon a plea of guilty, on the _20_ day of _December_, 19_90_.

COUNT I    Crime: ROBBERY IN THE SECOND DEGREE
           RCW: 9a.56.210 AND 9a.56.190
           Date of Crime: aPRIL 24, 1987
           Incident Number: TPD 87 114 005
           Special Finding: X No ___

This court has jurisdiction of the defendant and the subject matter. It is ADJUDGED that the defendant is guilty of the offenses set forth above.

3.  CRIMINAL HISTORY:  This Court finds that the defendant has the following criminal history used in calculating the offender score pursuant to RCW 9.94A.360:

| Sentencing Date | Crime | Adult/Juvi | Crime Date and Type |
|---|---|---|---|
| 1. 10-22-86 | BURGLARY 2° | ADULT | 1-15-86   NV |
| 2. 10-22-86 | BURGLARY 2° | ADULT | 1-27-86   NV |
| 3. 10-18-85 | BURGLARY 2° | ADULT | 7-4-85    NV |
| 4.  9-2-87 | BURGLARY 2° | ADULT | 5-5-87    NV |

JUDGMENT AND SENTENCE - 1

CONTINUED TO DATA

Office of Prosecuting Attorney
946 County-City Building
Tacoma, Washington 98402
Telephone: 591-7400

ENTERED
JUDGMENT       90-9-09190-3

142

630 0186

5.  6-29-88       ESCAPE 1°      ADULT        5-17-88       NV

4. <u>SENTENCE DATA:</u>

|  | OFFENDER<br>SCORE | SERIOUSNESS<br>LEVEL | RANGE | MAXIMUM<br>TERM |
|---|---|---|---|---|
| Ct. I | 4 lh | IV | 15-20<br>~~22 - 29~~ MONTHS | 10 YEARS |
| Ct. |  |  |  |  |
| Ct. |  |  |  |  |

5. [  ]  <u>EXCEPTIONAL SENTENCE:</u>

   Substantial and compelling reasons exist which justify an
exceptional sentence.  Findings of Fact and Conclusions of Law are
attached and incorporated by reference.

6. <u>MONETARY PAYMENTS:</u>  The defendant is hereby sentenced to pay the
following legal financial obligations, <u>together with interest thereon at</u>
<u>the rate provided by law:</u>

[  ]  A.   <u>RESTITUTION:</u>   Restitution payments to:
            VICTIM                                     AMOUNT:

            _____        $_____

            _____         _____

            _____         _____

            _____         _____

            _____         _____

                                <u>TOTAL</u>        $_____
         [ ] Including uncharged counts per plea agreement.
         [ ] Restitution by later order of the Court.
         [ ] Restitution Hearing on _____ at _____.

[  ]  B.   <u>SPECIFIC REIMBURSEMENT COSTS:</u>  Costs under RCW
            10.01.160, 10.46.190, 36.18.040 or similar statute
            for reimbursement of costs by state or county for
            prosecution:

            TYPE              FOR           AMOUNT

         Recoupment of defense
            attorney fees        _____    $  100 —

         Extradition            _____     _____

         Other Costs           _____     _____

JUDGMENT AND SENTENCE - 2                    Office of Prosecuting Attorney
                                              946 County-City Building
                                              Tacoma, Washington 98402
                                              Telephone: 591-7400

143

8631  3/19/2007  00173

630 0187

|  |  | TOTAL | $ | _____ |
|--|--|-------|---|------------|

[  ] C.  <u>VICTIM ASSESSMENT</u> pursuant to RCW 7.68.035 for Pierce County.                                                $ __100.00__

[  ] D.  _____ <u>DRUG ENFORCEMENT FUND</u>:              $ _____

[  ] E.  <u>COURT COSTS</u>:                                     $ __78 —__

[  ] F.  <u>FINE for Pierce County</u>                          $ _____

                                                             $ _____

<u>TOTAL LEGAL FINANCIAL OBLIGATION</u> (excluding interest)$ __278 —__

[  ] Considering the defendant's financial resources and the likelihood that his indigency will end within a reasonable time the court finds that the defendant has an ability to pay the legal financial obligation over the next ten years.

     The defendant shall pay not less than $ _____ on or before the first day of each month upon the legal obligations set forth above, and shall pay the total obligation, including interest not later than ten (10) years after the last date or release from confinement pursuant to a felony conviction or the date of entry of sentence.

     All payments shall be made to the Pierce County Superior Court Clerk, Room 110 County-City Building, 930 Tacoma Avenue South, Tacoma, Washington  98402, unless previously collected by the Department of Corrections or other authorized agency.  The Clerk shall credit the obligations set forth in the order listed and make distributions required by law and applicable regulations.

     Enforcement of this judgment and sentence pursuant to RCW 9.94A.200, or otherwise, shall not limit the remedies available at law to persons or entities to recoup or defray all or any portion of loss associated with felonious behavior.

     Provided that no bail or bond forfeiture proceedings are pending at the date of this order, bail or bond is exonerated.

JUDGMENT AND SENTENCE - 3

Office of Prosecuting Attorney
946 County-City Building
Tacoma, Washington 98402
Telephone: 591-7400

8631 3/19/2007 80174

144

630 0188

## SENTENCE OVER ONE YEAR

7.    CONFINEMENT AND CONDITIONS: The court having determined that no legal cause exists to show why a further judgment should not be pronounced, it is therefore ORDERED, ADJUDGED and DECREED the defendant serve the sentence and abide by the conditions set forth below.

The defendant is sentenced to a term of total confinement in the custody of the Department of Corrections for _____ 20 _____ months on Count I, _____ —0— _____ months on Count II, _____ —0— _____ months on Count III, with credit for _____ 20 _____ ~~days~~ (months) served prior to this date.

_____
_____
_____
_____
_____

[  ]   the terms in counts _____ are concurrent.

[  ]   the terms in counts _____ are consecutive, for a total term of _____ months.

[  ]   Defendant to be on one (1) year community placement following release from Department of Corrections, and to follow the rules, regulations and directions of the Department of Corrections. conditions of community placement are attached and incorporated by reference.

[  ]   Testing is required for HIV (AIDS) virus.  Separate Order is attached.

DONE IN OPEN COURT this _____ day of _____ Dec _____ 1990.

_____
J U D G E

Presented by:

_____
LORI J. KENNEDY
Deputy Prosecuting Attorney

Approved as to form:

_____
LINDA SULLIVAN
Attorney for Defendant

pas

SENTENCE OVER
ONE YEAR

Office of Prosecuting Attorney
946 County-City Building
Tacoma, Washington 98402
Telephone: 591-7400

FILED
CRIMINAL DIVISION
2
DEC 20 1990
Pierce County Clerk
By _____ DEPUTY

8631 3/19/2007 00175

145

630 0189

FINGERPRINTS
----------------------------------------



Fingerprint(s) of: <u>DEAN ALAN ROYER</u>  Cause #88 1 00283 7
Attested by: _____   CLERK
                                        TED RUTT
By: DEPUTY CLERK _____COUNTY CLERK Date: 12/20/90
                        JANIE ROBERTSON
                        Deputy Clerk

CERTIFICATE                         OFFENDER IDENTIFICATION

I, _____     State I.D. #<u>WA 13092909</u>
Clerk of this Court, certify that
the above is a true copy of the         Date of Birth <u>2-8-67</u>
Judgment and Sentence in this
action on record in my office.          Sex <u>Male</u>

Dated: _____     Race <u>White</u>


_____
            CLERK

By: _____
            DEPUTY CLERK

pas

FINGERPRINTS

Office of Prosecuting Attorney
946 County-City Building
Tacoma, Washington 98402
Telephone: 591-7400

8631  3/19/2007 00176

146

# APPENDIX "G"

*Order Modifying Sentence from 2/4/94*

913359

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF PIERCE

FEB 0 4 1994

STATE OF WASHINGTON,

Plaintiff,

vs.

Dean A. Royer

Defendant.

NO. 88-1-00283-7

ORDER MODIFYING
SENTENCE

FILED
CRIMINAL DIV.
IN OPEN COURT
FEB - 4 1994
___ PLATT, Clerk
By ___
DEPUTY

THIS MATTER coming on regularly for hearing before the above entitled court on the

petition of _Stephen Gregorich_, Deputy Prosecuting Attorney for Pierce County,

Washington, for an order modifying sentence heretofore granted the above named defendant on the

_20th_ day of _December_, 19_90_, pursuant to defendant's plea of guilty to/trial

conviction for the charge of _Robbery in the Second Degree_, the

defendant appearing in person and being represented by _M. Quigley_,

defendant's attorney, and the State of Washington being represented by _M. Van Winkle_,

Deputy Prosecuting Attorney for Pierce County, Washington, the court having examined the files and

records herein, having read said petition, and

[ ] hearing testimony in support thereof, or;

[✓] defendant having stipulated to the violation(s); FTP

and it appearing therefrom that the defendant has by various acts and deeds violated the terms and

conditions of said sentence and the court being in all things duly advised, Now, Therefore,

ORDER MODIFYING
SENTENCE - 1

90-9-09190-3

Z-221-1

148

IT IS HEREBY ORDERED, ADJUDGED and DECREED that the Judgment and Sentence granted the defendant on the 20th day of December, 19 90, is hereby modified, and

The defendant shall be confined for a period not to exceed sixty days for each violation, for a total confinement of 19 days, the court having found 1 violation(s).

[ ] The defendant shall receive credit for time served in the amount of _____ days awaiting his hearing on noncompliance.

[ ] The court finding that nonpayment of monetary obligations was not wilful, the court modified the earlier order in the following manner:

[ ] _____ hours of community service are re-converted back to ____ days in jail.

[X] Terminate supervision. OSOC

[ ] Legal Financial Obligation Supervision Only.

Jail time includes conversion of $178.00 LFO's to 5 days in jail, CVPA remains, Jail time to run consecutive to all other jail time.

DONE IN OPEN COURT this 4 day of Feb, 19 74.

SIGNED IN THE PRESENCE OF THE DEFENDANT.

FILED
CRIMINAL DIV.
IN OPEN COURT
FEB - 4 1994
_____, Clerk
By _____
DEPUTY

_____ 1838        _____
Deputy Prosecuting Attorney                   JUDGE

_____                     _____
                                              Defendant

_____                     _____
Corrections Officer                           Defense Attorney   14426

ORDER MODIFYING
SENTENCE - 2

Z-221-2

# APPENDIX "H"

*Court of Appeals Opinion from Case No. 36477-8*

FILED
COURT OF APPEALS
DIVISION II

08 APR 22 AM 8: 57

STATE OF WASHINGTON

BY
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

STATE OF WASHINGTON,                     No. 36477-8-II

             Respondent,

    v.

DEAN ALAN ROYER,                         UNPUBLISHED OPINION

             Appellant.

HUNT, J. – Dean Alan Royer appeals the trial court's denial of his CrR 7.8 motion challenging his 1996 sentence to life without parole under the Persistent Offender Accountability Act[1] (POAA). He argues that (1) the trial court erred in ruling his motion untimely under RCW 10.73.090(1); (2) his CrR 7.8 motion was not subject to the one-year time bar because the trial court exceeded its jurisdiction when it imposed the POAA sentence in 1996; and (3) his 1996 POAA judgment and sentence was facially invalid because it depended on a 1990 strike offense that was also facially invalid. We affirm.

---

[1] Because Royer committed these offenses on April 21, 1995, he was sentenced under former RCW 9.94A.120(4) (1995). The Legislature has since recodified this provision as RCW 9.94A.505(2)(a)(v) and RCW 9.94A.570.

36477-8-II

FACTS

I. 1996 CONVICTIONS AND SENTENCING

On April 26, 1995, the State charged Royer with first degree burglary with a deadly weapon enhancement, unlawful possession of a firearm, second degree assault, and two counts of first degree assault. Royer pleaded guilty to the unlawful possession of a firearm charge. A jury found him guilty of first degree burglary with a deadly weapon enhancement and three counts of second degree assault.

At the time of his January 22, 1996 sentencing for these offenses, Royer's criminal history included prior convictions for second degree robbery[2] and second degree assault. Because these two prior convictions and several of his current convictions were "most serious offenses" under RCW 9.94A.030(29)(a), (b), and (o), the trial court found Royer was a persistent offender under former RCW 9.94A.120(4), and it imposed sentences of life without parole for the first degree burglary and second degree assault convictions.[3]

On February 9, 1996, Royer appealed his 1996 convictions and sentences. Our court commissioner affirmed Royer's convictions and life sentences. The direct appeal mandated in August 1998.

---

[2] Royer committed the robbery in 1987. He was originally convicted of first degree robbery. Following a successful direct appeal of his first degree robbery conviction, *State v. Royer*, 58 Wn. App. 778, 794 P.2d 1325 (1990), he pleaded guilty to second degree robbery in 1990.

[3] Before his 1996 sentencing, Royer filed a motion asserting that the trial court should not sentence him under the POAA because it was unconstitutional. He did not assert in this motion, however, that his 1990 second degree robbery plea was invalid.

2

36477-8-II

## II. CrR 7.8 Motions

More than eight years later, on December 27, 2006, and March 30, 2007, Royer filed identical CrR 7.8 motions moving to modify his 1996 POAA sentences because they were based on his 1990 second degree robbery plea, which was constitutionally invalid.  He contended that (1) the elements set out in the statement of defendant on his 1990 plea of guilty and his statement in the plea did not set out all of the elements of second degree robbery or establish a factual basis for his plea; and (2) because of this facial invalidity, his CrR 7.8 motions were not untimely under RCW 10.73.100 or former CrR 7.8(a) and (b).  In support of his motions, he attached copies of his 1990 statement of defendant on plea of guilty.

This 1990 statement of defendant on plea of guilty included the following assertion:

> The elements of the crime(s) are: On or about April 24, 1987, in Pierce Co., WA., the defendant did unlawfully and feloniously take personal property from the person or in the presence of another against their will.

Clerk's Papers (CP) at 28, 48.  This statement also noted that Royer was pleading guilty to the crime of second degree robbery "as charged in the amended information," CP at 29, 49, and the following reason for pleading guilty:

> I want to plead guilty to take advantage of the plea bargain.  I have reviewed the evidence in this case and understand that there is a reasonable likelihood of conviction should I go to trial and I don't want to risk that.

CP at 30, 50.

3

153

36477-8-II

The trial court ruled that Royer's motions were time barred under RCW 10.73.090 and denied them, without addressing the merits of Royer's arguments.[4]  Royer appeals the trial court's denial of his CrR 7.8 motions.

ANALYSIS

I. STANDARD OF REVIEW

We review a trial court's denial of a CrR 7.8 motion for abuse of discretion. *State v. Ellis*, 76 Wn. App. 391, 394, 884 P.2d 1360 (1994); *State v. Aguirre*, 73 Wn. App. 682, 686, 871 P.2d 616, *review denied*, 124 Wn.2d 1028 (1994).  A trial court abuses its discretion if its decision is manifestly unreasonable, or if it bases its decision on untenable grounds or for untenable reasons; basing a decision on an erroneous view of the law is an abuse of discretion. *State v. Rohrich*, 149 Wn.2d 647, 654, 71 P.3d 638 (2003); *Aguirre*, 73 Wn. App. at 686.  Such is the case here.

II. TIME BAR

Royer contends that the trial court erred when it concluded that his CrR 7.8 motions were time barred.  He argues that (1) because he brought these motions under CrR 7.8(b)(4) and (5), they were not subject to the one-year limit in CrR 7.8(b); (2) the one-year time bar in RCW 10.73.090(1) does not apply because his 1996 judgment and sentence is facially invalid; and (3) RCW 10.73.090(1) does not apply because his 1996 sentence exceeded the trial court's

---

[4] The trial court did not transfer Royer's CrR 7.8 motions to this court for consideration as personal restraint petitions under former CrR 7.8(c)(2). We note that the current version of CrR 7.8(c)(2), which went into effect September 1, 2007, would have *required* the trial court to transfer Royer's motions to us for consideration as personal restraint petitions when it determined that they were untimely.

4

36477-8-II

jurisdiction.[5]  Regardless of whether the one-year time limit of CrR 7.8(b) applies, Royer fails to

show that RCW 10.73.090(1) does not apply.[6]

### A.  1996 Judgment and Sentence Not Facially Invalid

RCW 10.73.090(1) provides:

> No petition or motion for collateral attack on a judgment and sentence in a
> criminal case may be filed more than one year after the judgment becomes final[7]
> if the judgment and sentence is valid on its face and was rendered by a court of
> competent jurisdiction.

A judgment and sentence is facially invalid if "the judgment and sentence evidences the

invalidity without further elaboration." *In re Pers. Restraint of Goodwin*, 146 Wn.2d 861, 866,

50 P.3d 618 (2002) (citing *In re Pers. Restraint of Stoudmire*, 141 Wn.2d 342, 5 P.3d 1240

(2000); *In re Pers. Restraint of Thompson*, 141 Wn.2d 712, 10 P.3d 380 (2000)).  There is

nothing on the face of petitioner's 1996 judgment and sentence suggesting any facial invalidity.

We may, however, look to "related documents, i.e., charging instruments, statements of

guilty pleas, [and] jury instructions," to determine whether a judgment and sentence is facially

invalid.  *In re Pers. Restraint of Hinton*, 152 Wn.2d 853, 858, 100 P.3d 801 (2004) (citing *In re

Pers. Restraint of Hemenway*, 147 Wn.2d 529, 532, 55 P.3d 615 (2002)).  But even assuming we

are entitled to examine Royer's 1990 statement pleading guilty to the second degree robbery, in

---

[5] *See* RCW 10.73.100(5).

[6] In a footnote, Royer also asserts that when he entered his plea in 1990, he was never advised of
the one-year time limit under RCW 10.73.090(1).  This assertion involves matters that are
outside the record on appeal and, therefore, we do not consider it further.

[7] Royer's 1996 judgment and sentence became final when his direct appeal mandated in 1998.
RCW 10.73.090(3)(b).

5

155

36477-8-II

order to determine the facial validity of the 1996 judgment and sentence, Royer fails to establish that the 1990 plea-based judgment and sentence was facially invalid.

At best he shows that (1) his 1990 guilty plea statement did not expressly include each element of the offense of second degree burglary, and (2) because it was an *Alford/Newton*[8] plea, he never admitted to each element of the offense. But this assertion does not establish that other documents relevant to his 1990 guilty plea, including the amended information specifically cited in his 1990 guilty plea statement, did not inform him of each element of the offense or establish a factual basis for the plea. Nor does Royer show that the trial court otherwise failed to ensure that his plea was constitutionally sufficient when it accepted his guilty plea in 1990. *See State v. Ammons*, 105 Wn.2d 175, 189, 713 P.2d 719, 718 P.2d 796 (1986) (holding that the guilty plea form did not, on its face, show that the defendant's plea was constitutionally invalid because it did not show that all constitutional safeguards were not provided by other means); *State v. Lewis*, 141 Wn. App. 367, 396-97, 166 P.3d 786 (2007) ("When challenging a guilty plea to be used at a later sentencing, the defendant must not only show that the plea forms were deficient, but he must also show that the sentencing court deprived him of constitutional safeguards.") (citing *State v. Gimarelli*, 105 Wn. App. 370, 376, 20 P.3d 430, *review denied*, 144 Wn.2d 1014 (2001)); *see also State v. Thompson*, No. 34540-4-II, slip op. at 5-6 (Wash. Ct. App. April 8, 2008) (claim of facial invalidity must be established on the face of judgment and sentence and related documents alone).

---

[8] *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970) (a defendant may plead guilty while disputing the facts alleged by the prosecution); *see also State v. Newton*, 87 Wn.2d 363, 552 P.2d 682 (1976).

6

156

16284 6/9/2008 00068

36477-8-II

Accordingly, we hold that Royer did not establish facial invalidity of his 1996 judgment and sentence.

### B. 1996 Sentence Did Not Exceed Trial Court's Jurisdiction

Citing RCW 10.73.100(5), Royer further asserts that, even if RCW 10.73.090(1) applies, his claims fall under an exception to the one-year time bar. Again, we disagree.

RCW 10.73.100 provides six exceptions to the one-year time bar for challenging judgments and sentences. The only potentially applicable exception here is RCW 10.73.100(5), which, as Royer notes, provides that RCW 10.73.090(1) does not apply if "[t]he sentence imposed was in excess of the court's jurisdiction." Royer contends that because his 1990 guilty plea was invalid, the trial court exceeded its jurisdiction by using it to impose a POAA life sentences for his 1996 convictions.[9] This argument fails.

Even assuming this assertion could theoretically establish that the trial court exceeded its jurisdiction when it sentenced Royer in 1996, as we discuss above, Royer failed to establish that his prior 1990 plea was invalid. Therefore, he has not shown that the trial court exceeded it jurisdiction when it used his 1990 judgment and sentence in 1996 to impose POAA life sentences for his 1995 convictions.

---

[9] Royer also argues that his trial counsel was ineffective for failing to challenge the validity of his 1990 plea when the trial court used it at his 1996 sentencing hearing. But we do not consider this argument because, as we have discussed above, (1) Royer failed to establish that the one-year time bar does not apply to his CrR 7.8 motions; and (2) his ineffective assistance of counsel claim clearly does not fall under any exception to the time bar stated in RCW 10.73.100.

157

36477-8-II

Royer having failed to show that his 1996 judgment and sentence was facially invalid or that the trial court's sentences exceeded its jurisdiction, we hold that the trial court did not err when it denied Royer's CrR 7.8 motions as untimely.

Affirmed.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record pursuant to RCW 2.06.040, it is so ordered.

_Hunt, J._

We concur:

_Houghton, C.J._

_Penoyar, J._

8

158

# APPENDIX "I"

*Notice of Appeal 2/5/08*

159

88-1-00283-7   29136952   NACA       02-07-08

11548 2/7/2008 00140

FILED
IN COUNTY CLERK'S OFFICE

A.M.  FEB 0 5 2008  P.M.

PIERCE COUNTY WASHINGTON
KEVIN STOCK, County Clerk
BY _____ DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF PIERCE

STATE OF WASHINGTON,       )
                Plaintiff, )        NO. 88-1-00283-7
                           )
          v.               )        NOTICE OF APPEAL
                           )
DEAN ALAN ROYER,           )
                Defendant. )
                           )
_____)

     TO:  Clerk of the Court, Pierce County Superior Court

AND TO:  Pierce County Prosecuting Attorney

     Dean Alan Royer, acting pro-se, hereby notifies this court that he
appeals to the Court of Appeals, Division II, the Judgment and Sentence of
the Pierce County Superior Court No. 88-1-00283-7, entered on 20 December
1990. A copy of this decision is attached.

     DATED this 1st day of February, 2008.

                              Respectfully submitted,

                              Dean Alan Royer #913359
                              Washington State Penitentiary
                              1313 North 13th Avenue
                              Walla Walla, WA, 99362.

State v. Royer, No. 88-1-00283-7
NOTICE OF APPEAL—1

160

629 0904

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**

**FOR PIERCE COUNTY**

STATE OF WASHINGTON,

                Plaintiff,

vs.

_Dean Alan Royer_

                Defendant.

NO. _88-1-00285-7_

STATEMENT OF DEFENDANT ON PLEA
OF GUILTY (Felony)

1. My true name is _Dean Alan Royer_

2. My age is _23_. D.O.B. _2-8-67_

3. I went through the _10th_ grade in school. _G.E.D._

4. I have been informed and fully understand that I have the right to representation by a lawyer and that if I cannot afford to pay for a lawyer, one will be provided at no expense to me. My lawyer's name is: _Linda B. Sullivan_

5. I have been informed and fully understand that I am charged with the crime(s) of _Robbery 2°_

The elements of the crime(s) are: _On or about April 24, 1987, in Pierce Co., WA., the defendant did unlawfully and feloniously take personal property from the person or in the presence of another against their will._

The maximum sentence(s) is (are): _10_ years and $ _20,000_ — fine(s).

In addition, I understand that I may have to pay restitution for crime(s) to which I enter a guilty plea and for any other uncharged crime(s) for which I have agreed to pay restitution. The standard sentence range for the crime(s) is/are at least _11 to 15_ and no more than _20 mos._

Based upon my criminal history which I understand the Prosecutor presently knows to be:

| | | |
|---|---|---|
| _Burg 2°_ | _10-22-86_ | _1_ |
| " | _10-22-86_ | _1_ |
| " | _10-18-85_ | _1_ |
| " | _9-2-87_ | _1_ |
| _Escape 1°_ | _6-29-88_ | _1_ |

_Offender score = (4)_

I represent to the court that my criminal history set out above is true, accurate and complete to the best of my knowledge and belief.

[  ] Criminal history attached as appendix _____ and incorporated by reference.

I have been given a copy of the information.

And I further understand that if I am a First Time Offender, the court may decide not to impose the standard sentence range, and then the court may sentence me for up to 90 days of total confinement and two years of community supervision.

6. I have been informed and fully understand that:

(a) I have the right to a speedy and public trial by an impartial jury in the county where the crime is alleged to have been committed.

Z-2466-1

**CERTIFIED COPY**

161

629 0905

(b) I have the right to remain silent before and during trial, and I need not testify against myself.

(c) I have the right to hear and question any witness who testifies against me.

(d) I have the right at trial to have witnesses testify for me. These witnesses can be made to appear at no expense to me.

(e) I am presumed innocent until the charge(s) is (are) proven beyond a reasonable doubt, or I enter a plea of guilty.

(f) I have the right to appeal a determination of guilt after a trial.

(g) If I plead guilty, I give up the rights in statements (a) through (f) of this paragraph 6.

7. I plead _____ guilty _____ to the crime(s) of _____ Robbery 2 _____

as charged in the _____ amended _____ information.

8. I MAKE THIS PLEA FREELY AND VOLUNTARILY.

9. No one has threatened harm of any kind to me or to any other person to cause me to make this plea.

10. No person has made promises of any kind to cause me to enter this plea except as set forth in this statement.

11. I have been informed and fully understand that the Prosecuting Attorney will make the following recommendations to the court: 20 mos. credit for time served * $78 costs. $100 CVPA; $100 DAC recoupment

* Def. has been in custody for 20 mos. and should receive credit for 20 mos.

12. I have been informed and fully understand that the standard sentencing range is based on the crime charged and my criminal history. Criminal history includes prior convictions, whether in this state, in federal court, or elsewhere. Criminal history also includes convictions of guilty pleas at juvenile court that are felonies and which were committed when I was fifteen years of age or older. Juvenile convictions count only if I was less than twenty-three years of age at the time I committed the present offense. I fully understand that if criminal history in addition to that listed in paragraph 5 is discovered, the standard sentence range may increase. Even so, I fully understand that my plea of guilty to this charge is binding upon me if accepted by the court, and I cannot change my mind without court approval if additional criminal history is discovered and the standard sentence range and the Prosecuting Attorney's recommendation increases:

I further understand that if additional criminal history is discovered the Prosecuting Attorney's recommendation may increase up to the high end of the new standard range and if I have been sentenced, the Prosecuting Attorney may seek to have me resentenced based on my new criminal history.

13. I have been informed and fully understand that the court does not have to follow anyone's recommendation as to sentence. I have been fully informed and fully understand that the court must impose a sentence within the standard sentence range unless the court finds substantial and compelling reasons not to do so. If the court goes outside the standard sentence range, either I or the state can appeal that sentence. If the sentence is within the standard sentence range, no one can appeal the sentence. I also understand that the court must sentence to a mandatory minimum term, if any, as provided in paragraph 14 and that the court may not vary or modify that mandatory minimum term for any reason.

14. I have been further advised that the crime(s) of _____

with which I am charged carries with it a term of total confinement of not less than _____ N/A _____ years. I have been advised that the law requires that a term of total confinement be imposed and does not permit any modification of this mandatory minimum term. (If not applicable, any or all of this paragraph may be stricken and initialed by the defendant and the judge).

15. I have been advised that the sentences imposed in Counts _____ N/A _____ will run consecutively/concurrently unless the court finds substantial and compelling reasons to run the sentences concurrently/consecutively.

16. I understand that if I am on probation, parole, or community supervision, a plea of guilty to the present charge(s) will be sufficient grounds for a Judge to revoke my probation or community supervision or for the Parole Board to revoke my parole.

Z-2466-2

162

659 0900                    11548 2/7/2008 00143

17. I understand that if I am not a citizen of the United States, a plea of guilty to an offense punishable as a crime under state law is grounds for deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.

18. The court has asked me to state briefly in my own words what I did that resulted in my being charged with the crime(s) in the information. This is my statement: I want to plead guilty to take advantage of the plea bargain. I have reviewed the evidence in this case and understand that there is a reasonable likelihood of conviction should I go to trial and I don't want to risk that.

19. I have read or have had read to me and fully understand all of the numbered sections above (1 through 19) and have received a copy of this "Statement of Defendant on Plea of Guilty" form. I have no further questions to ask of the court.

_____
Defendant

_____          _____
Deputy Prosecuting Attorney                      Defendant's Attorney

    The foregoing statement was read by or to the defendant and signed by the defendant in the presences of his or her attorney, and the undersigned Judge, in open court. The court finds the defendant's plea of guilty to be knowingly, intelligently and voluntarily made, that the court has informed the defendant of the nature of the charge and the consequences of the plea, that there is a factual basis for the plea, and that the defendant is guilty as charged.

    Further, the court finds that acceptance of this plea is consistent with prosecuting standards and the interests of justice.

Dated this _____ 20 _____ day of _____ Dec _____, 19 90

_____
Judge

Certificate of translator:

I _____, certify that I am fluent in the defendant's language, _____ that the written statement above has been translated by me orally/in writing and that the defendant _____ understands the translation.

STATE OF WASHINGTON, County of Pierce
ss. Kevin Stock, Clerk of the above entitled Court, do hereby certify that this foregoing instrument is a true and correct copy of the original now on file in my office.
IN WITNESS WHEREOF, I hereunto set my hand and the Seal of said Court this _____ day of _____, 20____
Kevin Stock, Clerk
By_____ Deputy

I have been given a copy of the information.

Z-2466-3

163

11548 2/7/2008 00144

## CERTIFICATE OF SERVICE

I certify that on the 1st day of February, 2008, a true and correct copy of the foregoing NOTICE OF APPEAL was served upon the following individual by depositing same in the US Mail, first class, postage prepaid:

Gerald A. Horne
Pierce County Prosecutor
Pierce County Prosecutor's Office
930 Tacoma Ave. South
Tacoma, WA. 98402.

Dean Alan Royer

Dean Alan Royer #913359
Washington State Penitentiary
1313 North 13th Avenue
Walla Walla, WA. 99362.

164

State of Washington Department of Corrections Facility

Name: Dean Reyne DOC #:

Unit: Adams Tier: A Ce

Facility Name: Washington State

Address: 1313 N. 13th Ave

City: Leesville , WA

THIS WAS MAILED BY AN INMATE CONFINED AT A
WASHINGTON DEPARTMENT OF CORRECTIONS FACILITY.
ITS CONTENTS MAY BE UNCENSORED

Legal Mail 98402+2105-33 C004

To: Clerk of The Superior Court
930 Tacoma Ave So. County city Bldg
Tacoma WA
98402

FIRST CLASS



UNITED STATES POSTAGE
$ 00.170
02 1A
0004635472
FEB 01 2008
MAILED FROM ZIP CODE 99362
PITNEY BOWES





# APPENDIX "J"

*Order Denying Appellant's Motion to Allow Late Filing of a Notice of Appeal*



# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

STATE OF WASHINGTON,

                    Respondent,

v.

DEAN ROYER,

                    Appellant.

No. 37318-1-II

ORDER DENYING APPELLANT'S MOTION TO ALLOW LATE FILING OF A NOTICE OF APPEAL

COPY RECEIVED
FEB 2 8 2008
GERALD A. HORNE
PIERCE COUNTY PROSECUTING ATTORNEY
APPELLATE DIVISION

**APPELLANT** moves for permission to file a notice of appeal in the above-referenced matter after the deadline set forth in RAP 5.2. Following consideration, the court denies the motion. Accordingly, it is

**SO ORDERED.**

**DATED** this 27th day of February, 2008.

**PANEL:** Jj. Houghton, Bridgewater, Hunt

**FOR THE COURT:**

_E. Houghton_
CHIEF JUDGE

Dean Royer
DOC #913359
Washington State Penitentiary
1313 North 13th Avenue
Walla Walla, WA, 99362

Kathleen Proctor
Pierce County Prosecuting Atty Ofc
930 Tacoma Ave S Rm 946
Tacoma, WA, 98402-2171

167

# APPENDIX "K"

*Amended Information*

DEC 19 1990

FILED
CRIMINAL DIVISION
2
DEC 20 1990
Pierce County Clerk
By _____ DEPUTY

1

2

3        IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

4              IN AND FOR THE COUNTY OF PIERCE

5   STATE OF WASHINGTON,         )
                                 )
6              Plaintiff,        )   NO.  88 1 00283 7
                                 )
7         vs.                    )   AMENDED
                                 )   INFORMATION
8   DEAN ALAN ROYER,             )
                                 )
9              Defendant.        )
    _____)

10

11        I, JOHN W. LADENBURG, Prosecuting Attorney for Pierce County, in

12   the name and by the authority of the State of Washington, do accuse

13   DEAN ALAN ROYER of the crime of ROBBERY IN THE SECOND DEGREE,

14   committed as follows:

15        That DEAN ALAN ROYER, in Pierce County, Washington, on or about

16   the 24th day of April, 1987, did unlawfully and feloniously take

17   personal property from the person or in the presence of Kevin P.

18   Bennett, an employee of Arco, against such person's will by use or

19   threatened use of immediate force, violence, or fear of injury to such

20   person, contrary to RCW 9A.56.210 and 9A.56.190, and against the peace

21   and dignity of the State of Washington.

22        DATED this 20th day of December, 1990.

23                          JOHN W. LADENBURG
                            Prosecuting Attorney in and for
24                          said County and State.

25

26   pas                    By: _____
                               LORI J. KENNEDY
27                             Deputy Prosecuting Attorney
                               WSB #9059

28

AMENDED
INFORMATION - 1          **ORIGINAL**

169

**EXHIBIT 9**

# THE SUPREME COURT OF WASHINGTON

|  |  |
|---|---|
| STATE OF WASHINGTON, | ) |
| Respondent, | ) |
| v. | ) |
| DEAN ALAN ROYER, | ) |
| Petitioner. | ) |

NO. 81367-1

**O R D E R**

C/A NO. 37318-1-II

Department II of the Court, composed of Chief Justice Alexander and Justices Madsen, Chambers, Fairhurst and Stephens, considered this matter at its July 8, 2008, Motion Calendar and unanimously agreed that the following order be entered.

IT IS ORDERED:

That the Petitioner's Motion for Discretionary Review is denied.

DATED at Olympia, Washington this __9th__ day of July, 2008.

For the Court

_____
CHIEF JUSTICE

EXHIBIT ___9___

1737/237

**EXHIBIT 10**

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 37318-1-II |
| Respondent, | |
| v. | MANDATE |
| DEAN ROYER, | Pierce County Cause No. |
| Appellant. | 88-1-00283-7 |

The State of Washington to:   The Superior Court of the State of Washington
in and for Pierce County

    This is to certify that the Court of Appeals of the State of Washington, Division II, entered a Ruling Denying Appellant's Motion to Allow Late Filing of a Notice of Appeal in the above entitled case on February 27, 2008.  This ruling became the final decision terminating review of this court on July 9, 2008.  Accordingly, this cause is mandated to the Superior Court from which the appeal was taken for further proceedings in accordance with the determination of that court.



IN TESTIMONY WHEREOF, I have
hereunto set my hand and affixed the
seal of said Court at Tacoma, this
____ day of July, 2008.

Clerk of the Court of Appeals,
State of Washington, Div. II



173

**EXHIBIT 11**

174

1996  1424  0515

913359
2-20-96

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF PIERCE

STATE OF WASHINGTON,

                  Plaintiff,

          vs.

DEAN ALAN ROYER,

                Defendant.

DOB:      12/8/67
SID NO.:  WA13092909
LOCAL ID:

CAUSE NO.  95-1-01997-0

JUDGMENT AND SENTENCE
(FELONY - PERSISTENT OFFENDER)

FILED
DEPT. 7
IN OPEN COURT

JAN 2 3 1996

JAN 2 2 1996

Pierce County Clerk

By _____ DEPUTY

## I. HEARING

1.1  A sentencing hearing in this case was held on 1-22-96.

1.2  The defendant, the defendant's lawyer, <u>LINDA SULLIVAN</u>, and the deputy prosecuting attorney, <u>WILLIAM J. HURNEY</u>, were present.

## II. FINDINGS

There being no reason why judgment should not be pronounced, the court FINDS:

2.1  CURRENT OFFENSES(S):  The defendant was found guilty on 10/25/95 by

    [X] plea-COUNT II   [X] jury-verdict-COUNTS I, III, IV, V  of:

Count No.:      <u>I</u>
Crime:          <u>BURGLARY IN THE FIRST DEGREE</u>, (w/Weapon) Charge Code: (G1)
RCW:            <u>9A.52.020(1)(a)</u>
Date of Crime:  <u>4/21/95</u>
Incident No.:   <u>PCSD 951110308</u>

Count No.:      <u>II</u>
Crime:          <u>UNLAWFUL POSSESSION OF A FIREARM</u>, Charge Code: (GGG25B)
RCW:            <u>9.41.040(1)</u>
Date of Crime:  <u>4/21/95</u>
Incident No.:   <u>PCSD 951110308</u>

Count No.:      <u>III</u>

JUDGMENT AND SENTENCE
(FELONY - PERSISTENT OFFENDER) - 1

175

EXHIBIT 11

1944 1424 0516

95-1-01997-0

Count No.:       III
Crime:           ASSAULT IN THE SECOND DEGREE, Charge Code: (E28)
RCW:             9A.36.021(1)(C)
Date of Crime:   4/21/95
Incident No.:    PCSD 951110308

Count No.:       IV
Crime:           ASSAULT IN THE SECOND DEGREE, Charge Code: (E28)
RCW:             9A.36.021(1)(C)
Date of Crime:   4/21/95
Incident No.:    PCSD 951110308

Count No.:       V
Crime:           ASSAULT IN THE SECOND DEGREE, Charge Code: (E28)
RCW:             9A.36.021(1)(C)
Date of Crime:   4/21/95
Incident No.:    PCSD 95-1110308

[ ]  Additional current offenses are attached in Appendix 2.1.
[X]  A special verdict/finding for use of deadly weapon was returned
     on Count(s) I.
[ ]  A special verdict/finding of sexual motivation was returned on
     Count(s).
[ ]  A special verdict/finding of a RCW 69.50.401(a) violation in a
     school bus, public transit vehicle, public park, public transit
     shelter or within 1000 feet of a school bus route stop or the
     perimeter of a school grounds (RCW 69.50.435).
[ ]  Other current convictions listed under different cause numbers
     used in calculating the offender score are (list offense and cause
     number):

[ ]  Current offenses encompassing the same criminal conduct and
     counting as one crime in determining the offender score are (RCW
     9.94A.400(1)):

2.2  CRIMINAL HISTORY:  Prior convictions constituting criminal history
     for purposes of calculating the offender score are (RCW
     9.94A.360):

| Crime | Sentencing Date | Adult or Juv. Crime | Date of Crime | Crime Type |
|-------|-----------------|---------------------|---------------|------------|

JUDGMENT AND SENTENCE
(FELONY) - 2

Office of Prosecuting Attorney
946 County-City Building
Tacoma, Washington 98402-2171
Telephone: 591-7400

176

1286  1424  0517

95-1-01997-0

| | | | | |
|---|---|---|---|---|
| BURG 2 (2x) | 10/18/85 | A | 7/85 | NV |
| BURG 2 (2x) | 10/22/86 | A | 1/86 | NV |
| BURG 2 | 9/2/87 | A | 5/5/87 | NV |
| ESC 1 | 6/29/88 | A | 1988 | NV |
| ROBB 2 | 12/20/90 | A | 4/24/87 | V |
| UPCS | 9/18/91 | A | 6/20/91 | NV |
| ASLT 2 | 9/18/91 | A | 7/9/91 | V |
| BURG 1 W/DW | CURRENT | A | 4/21/95 | V |
| UPF | CURRENT | A | 4/21/95 | NV |
| ASLT 2 | CURRENT | A | 4/21/95 | V |
| ASLT 2 | CURRENT | A | 4/21/95 | V |
| ASLT 2 | CURRENT | A | 4/21/95 | V |

[ ]  Additional criminal history is attached in Appendix 2.2.
[ ]  Prior convictions served concurrently and counted as one offense
     in determining the offender score are (RCW 9.94A.360(11)):

2.3  SENTENCING DATA:

| | Offender Score | Seriousness Level | Range Months | Maximum Years |
|---|---|---|---|---|
| Count No. I: | 19 | VII | LIFE W/O PAROLE | +18ms |
| Count No. II: | 11 | III | 51-68 | 5 |
| Count No. III: | 16 | IV | LIFE W/O PAROLE | |
| Count No. IV: | 16 | IV | LIFE W/O PAROLE | |
| Count No. V: | 16 | IV | LIFE W/O PAROLE | |

[X]    The current offense is a most serious offense as defined in
       RCW 9.94A.030, and the defendant is a persistent offender,
       resulting in a sentence range of life without parole.

[ ]    Additional current offense sentencing data is
       attached in Appendix 2.3.

2.4  EXCEPTIONAL SENTENCE:

[X]  For violent offenses, serious violent offenses, most serious
     offenses, or any felony with a deadly weapon special verdict under
     RCW 9.94A.125; any felony with any deadly weapon enhancements under
     RCW 9.94A.310(3) or (4) or both; and/or felony crimes of possession
     of a machine gun, possessing a stolen firearm, reckless
     endangerment in the first degree, theft of a firearm, unlawful
     possession of a firearm in the first or second degree, and/or use
     of a machine gun, the recommended sentencing agreements or plea
     agreements are

JUDGMENT AND SENTENCE
(FELONY - PERSISTENT OFFENDER) - 3

Office of Prosecuting Attorney
946 County-City Building
Tacoma, Washington 98402-2171
Telephone: 591-7400

177

1994 1424 0518

95-1-01997-0

[ ] attached  [ X ] as follows:
LIFE WITHOUT PAROLE

2.5   RESTITUTION:

[ ]  Restitution will not be ordered because the felony did not result
     in injury to any person or damage to or loss of property.
[ ]  Restitution should be ordered.  A hearing is set for _____.
[X]  Extraordinary circumstances exist that make restitution
     inappropriate.  The extraordinary circumstances are set forth in
     Appendix 2.5.

2.6   ABILITY TO PAY LEGAL FINANCIAL OBLIGATIONS:  The court has
      considered the defendant's past, present and future ability to pay
      legal financial obligations, including the defendant's financial
      resources and the likelihood that the defendant's status will
      change.  The court specifically finds that the defendant has the
      ability to pay:

[ ]       no legal financial obligations.
[X]       the following legal financial obligations:

      [X]   crime victim's compensation fees.
      [ ]   court costs (filing fee, jury demand fee, witness costs,
            sheriff services fees, etc.)
      [ ]   county or interlocal drug funds.
      [ ]   court appointed attorney's fees and cost of defense.
      [ ]   fines.
      [ ]   other financial obligations assessed as a result of the
            felony conviction.

      A notice of payroll deduction may be issued or other income-
withholding action may be taken, without further notice to the offender,
if a monthly court-ordered legal financial obligation payment is not
paid when due and an amount equal to or greater than the amount payable
for one month is owed.

THE FINANCIAL OBLIGATIONS IMPOSED IN THIS JUDGMENT SHALL BEAR INTEREST
FROM THE DATE OF THE JUDGMENT UNTIL PAYMENT IN FULL, AT THE RATE
APPLICABLE TO CIVIL JUDGMENTS.  RCW 10.82.090.  AN AWARD OF COSTS ON
APPEAL AGAINST THE DEFENDANT MAY BE ADDED TO THE TOTAL LEGAL FINANCIAL
OBLIGATIONS.  RCW 10.73.

2.7   SPECIAL FINDINGS PURSUANT TO RCW 9.94A.120 (PERSISTENT OFFENDER):

      [X]   The defendant is a persistent offender who has on two separate
            occasions been convicted of most serious offenses before the

JUDGMENT AND SENTENCE
(FELONY - PERSISTENT OFFENDER) - 4

Office of Prosecuting Attorney
946 County-City Building
Tacoma, Washington 98402-2171
Telephone: 591-7400

178

19?& 1424 0519

1

2

3                                                                95-1-01997-0

4     commission of the current offense, which is also a most
      serious offense, and shall be sentenced to life without the
5     possibility of parole.
                                                                    (
6
                          III. JUDGMENT
7
3.1  The defendant is GUILTY of the Counts and Charges listed in
8    Paragraph 2.1 and Appendix 2.1.

9
                     IV. SENTENCE AND ORDER
10
IT IS ORDERED:
11
4.1   LEGAL FINANCIAL OBLIGATIONS.   Defendant shall pay to the Clerk
12        of this Court:

13   $_____,    Restitution to:

14                       _____

15                       _____

16                       _____

17   $_____,    Court costs (filing fee, jury demand fee, witness
                         costs, sheriff service fees, etc.);
18   $ _100.00_,         Victim assessment;

19   $_____,    Fine;  [ ] VUCSA additional fine waived due to
                         indigency (RCW 69.50.430);
20
21   $_____,    Fees for court appointed attorney;

22   $_____,    Washington State Patrol Crime Lab costs;

23   $_____,    Drug enforcement fund of _____;

24   $_____,    Other costs for: _____;

25   $_____,    TOTAL legal financial obligations [√] including
                         restitution [ ] not including restitution.
26
Payments shall not be less than $_____ per month.  Payments shall
27   commence on _to be set by DOC_

28   [ ]  Restitution ordered above shall be paid jointly and severally with:

JUDGMENT AND SENTENCE
(FELONY - PERSISTENT OFFENDER) - 5

179

1994 1424 0520

95-1-01997-0

<u>Name</u>                          <u>Cause Number</u>

The defendant shall remain under the court's jurisdiction and the
supervision of the Department of Corrections for a period up to ten
years from the date of sentence or release from confinement to assure
payment of the above monetary obligations.

Any period of supervision shall be tolled during any period of time the
offender is in confinement for any reason.

[X]  Bond is hereby exonerated.

4.2  PERSISTENT OFFENDER CONFINEMENT:  Pursuant to RCW 9.94A.120, the
     court imposes the following sentence:

(a)  CONFINEMENT:  Defendant is sentenced to the following term of total
     confinement in the custody of the Department of Corrections
     commencing ~~ASAP~~ *at once (Hold P.C. Jail for hearing*
                                                                2-5-96
[X]  The defendant having been found to be a Persistent Offender        9 AM
     pursuant to RCW 9.94A.120, and is sentenced to life without the
     possibility of parole on Count(s) *I, III, IV, V*

   68   months on Count No. *II*           [X] concurrent [ ] consecutive
   _____ months on Count No. _____       [ ] concurrent [ ] consecutive
   _____ months on Count No. _____       [ ] concurrent [ ] consecutive

[ ]  This sentence shall be [ ] concurrent [ ] consecutive with the
     sentence in _____;

[X]  Credit is given for  *275 days*  days served;

     [ ]  OTHER SPECIAL CONDITIONS AND CRIME RELATED PROHIBITIONS:
     _____
     _____
     _____
     _____

(c)  [X]  HIV TESTING.  The Department of Corrections shall test the
          defendant for HIV as soon as possible and the defendant shall
          fully cooperate in the testing.  (RCW 70.24.340)

JUDGMENT AND SENTENCE
(FELONY - PERSISTENT OFFENDER) - 6

Office of Prosecuting Attorney
946 County-City Building
Tacoma, Washington 98402-2171
Telephone: 591-7400

180

95-1-01997-0

(d)  [X]  DNA TESTING.  The defendant shall have a blood sample drawn
          for purpose of DNA identification analysis.  The Department of
          Corrections shall be responsible for obtaining the sample
          prior to the defendant's release from confinement.  (RCW
          43.43.754)

PURSUANT TO RCW 10.73.090 AND 10.73.100, THE DEFENDANT'S RIGHT TO FILE
ANY KIND OF POST SENTENCE CHALLENGE TO THE CONVICTION OR THE SENTENCE
MAY BE LIMITED TO ONE YEAR.

Date: _1-22-96_____          _____
                                                    JUDGE

Presented by:

_____          Approved as to form:
Deputy Prosecuting Attorney               _____
WSB #_____                              Lawyer for Defendant
                                          WSB #_____

sds

```
        FILED
        DEPT. 7
    IN OPEN COURT

     JAN 2 2 1996

    Pierce County Clerk
    By_____
              DEPUTY
```

JUDGMENT AND SENTENCE
(FELONY - PERSISTENT OFFENDER) - 7

Office of Prosecuting Attorney
946 County-City Building
Tacoma, Washington 98402-2171
Telephone: 591-7400

1 4 1424 0522

## FINGERPRINTS

-----------------------------------------------------------------

Right Hand
Fingerprint(s) of: <u>DEAN ALAN ROYER</u>, Cause #95-1-01997-0

Attested by: *TED Rutt*
                                                      CLERK
By: DEPUTY CLERK   *Donna C. Ross*          Date: *1-22-96*

---

| CERTIFICATE | OFFENDER IDENTIFICATION |
|---|---|
| I, _____TED Rutt_____ | State I.D. #<u>WA13092909</u> |
| Clerk of this Court, certify that the above is a true copy of the Judgment and Sentence in this action on record in my office. | Date of Birth <u>12/8/67</u> |
| | Sex <u>M</u> |
| Dated: _____ | Race <u>W</u> |
| _____TED Rutt_____ | |
| CLERK | ORI _____ |
| By: *Cindy Leeder* | OCA _____ |
| DEPUTY CLERK | OIN _____ |
| | DOA _____ |



FINGERPRINTS

Office of Prosecuting Attorney
946 County-City Building
Tacoma, Washington 98402-2171
Telephone: 591-7400

182

19⁻⁵ 1424 0523

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF PIERCE

STATE OF WASHINGTON,

                Plaintiff,

vs.

DEAN ALAN ROYER,

                Defendant.

CAUSE NO.  95-1-01997-0

ADVICE OF COLLATERAL
ATTACK TIME LIMIT

**FILED DEPT. 7 IN OPEN COURT**
**JAN 2 2 1996**
Pierce County Clerk
By _____
DEPUTY

'JAN 2 3 1996

Pursuant to RCW 10.73.110, you are hereby advised of the following time limit regarding collateral attack:

RCW 10.73.090:
(1)    No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction.
(2)    For the purposes of this section, "collateral attack" means any form of post conviction relief other than a direct appeal. "Collateral attack" includes, but is not limited to, a personal restraint petition, a habeas corpus petition, a motion to vacate judgment, a motion to withdraw guilty plea, a motion for new trial, and a motion to arrest judgment.
(3)    For the purposes of this section, a judgment becomes final on the last of the following dates:
    (a)    The date it is filed with the clerk of the trial court;
    (b)    The date that an appellate court issues its mandate disposing of a timely direct appeal from the conviction; or
    (c)    The date that the United States Supreme Court denies a timely petition for certiorari to review a decision affirming the conviction on direct appeal. The filing of a motion to reconsider denial of certiorari does not prevent a judgment from becoming final.

RCW 10.73.100
The time limit specified in RCW 10.73.090 does not apply to a petition or motion that is based solely on one or more of the following grounds:

(1)    Newly discovered evidence, if the defendant acted with reasonable diligence in discovering the evidence and filing the petition or motion;
(2)    The statute that the defendant was convicted of violating was unconstitutional on its face or as applied to the defendant's conduct;
(3)    The conviction was barred by double jeopardy under Amendment V of the United States Constitution or Article I, Section 9 of the State Constitution;
(4)    The defendant pled not guilty and the evidence introduced at trial was insufficient to support the conviction;
(5)    The sentence imposed was in excess of the court's jurisdiction; or
(6)    There has been a significant change in the law, whether substantive or procedural, which is material to the conviction, sentence, or other order entered in a criminal or civil proceeding instituted by the state or local government, and either the legislature has expressly provided that the change is the law is to be applied retroactively, or a court, in interpreting a change in the law that lacks express legislative intent regarding retroactive application, determines that sufficient reasons exist to require retroactive application of the changed legal standard.

I have been advised of the above time limit regarding collateral attack pursuant to statutes.

RECEIPT ACKNOWLEDGED:

DATE: 1/22/96

DEFENDANT: _Dean Royer_

Office of Prosecuting Attorney
946 County-City Building
Tacoma, Washington 98402-2171
Telephone: 591-7400

ADVICE OF TIME LIMIT    1

183

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF PIERCE

STATE OF WASHINGTON,

                    Plaintiff,

          vs.

DEAN ALAN ROYER,

                    Defendant.

CAUSE NO.  95-1-01997-0

ORDER FOR BLOOD SAMPLE DRAW
FOR DNA IDENTIFICATION
ANALYSIS

JAN 2 3 1996

On the motion of the State of Washington, represented by Pierce County Deputy Prosecuting Attorney WILLIAM J. HURNEY, the Court order the defendant DEAN ALAN ROYER, who is represented by counsel LINDA SULLIVAN, to submit to a blood draw to be used for DNA identification analysis.

Pursuant to SSB No. 6729, defendant, having been convicted after July 1, 1990, of:

TYPE OF OFFENSE

[  ]  A felony sex offense as defined by RCW 9.94A.030(29)(a),
and/or

[X]  A violent offense as defined by RCW 9.94A.030(36)(a), shall:

Office of Prosecuting Attorney
946 County-City Building
Tacoma, Washington 98402-2171
Telephone: 591-7400

ORDER FOR BLOOD DRAW - 1

184

95-1-01997-0

PLACE TO BE TESTED

[ ]   (Out-of-Custody) report immediately to the Pierce County Jail for
      a blood sample draw; or

[X]   (In-Custody) submit to the blood sample draw by the Department of
      Corrections.

[ ]   (In-Custody) one year or less and submit to blood sample draw by
      the Pierce County Jail.

DONE IN OPEN COURT this 22nd day of _____Jan_____, 1996.

                                        _____
                                                J U D G E

Presented by:

_____
WILLIAM J. HURNEY
Deputy Prosecuting Attorney

Approved as to form:

_____
LINDA SULLIVAN
Attorney for Defendant

sds

FILED
DEPT 7
IN OPEN COURT

JAN 22 1996

Pierce County Clerk
By_____
            DEPUTY

ORDER FOR BLOOD DRAW - 2

Office of Prosecuting Attorney
946 County-City Building
Tacoma, Washington 98402-2171
Telephone: 591-7400

99s 1424 0513

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF PIERCE

STATE OF WASHINGTON,

              Plaintiff,

      vs.

DEAN ALAN ROYER,

              Defendant.

CAUSE NO.  95-1-01997-0

WARRANT OF COMMITMENT

1) [ ]  County Jail
2) [X]  Dept. of Corrections
3) [ ]  Other - Custody

JAN 23 1996

THE STATE OF WASHINGTON TO THE DIRECTOR OF ADULT DETENTION OF PIERCE COUNTY:

WHEREAS, Judgment has been pronounced against the defendant in the Superior Court of the State of Washington for the County of Pierce, that the defendant be punished as specified in the Judgment and Sentence/Order Modifying/Revoking Probation/Community Supervision, a full and correct copy of which is attached hereto.

[ ]  1.    YOU, THE DIRECTOR, ARE COMMANDED to receive the defendant for classification, confinement and placement as ordered in the Judgment and Sentence. (Sentence of confinement in Pierce County Jail).

[ ]  2.    YOU, THE DIRECTOR, ARE COMMANDED to take and deliver the defendant to the proper officers of the Department of Corrections; and

YOU, THE PROPER OFFICERS OF THE DEPARTMENT OF CORRECTIONS, ARE COMMANDED to receive the defendant for classification, confinement and placement as ordered in the Judgment and Sentence. (Sentence of confinement in Department of Corrections custody).

WARRANT OF COMMITMENT - 1

Office of Prosecuting Attorney
946 County-City Building
Tacoma, Washington 98402-2171
Telephone: 591-7400

186

1796  1424  0514

95-1-01997-0

[ ] 3.     YOU, THE DIRECTOR, ARE COMMANDED to receive
           the defendant for classification,
           confinement and placement as ordered in the
           Judgment and Sentence.  (Sentence of
           confinement or placement not covered by
           Sections 1 and 2 above).

Dated: _1-2296_

By direction of the Honorable

_____
J U D G E
TED RUTT

C L E R K
By: _____
D E P U T Y   C L E R K

CERTIFIED COPY DELIVERED TO SHERIFF

Date _1/22/96_ By _____ Deputy

FILED
DEPT. 7
IN OPEN COURT
JAN 2 2 1996
Pierce County Clerk
By _____
DEPUTY

STATE OF WASHINGTON, County of Pierce
ss: I, Ted Rutt, Clerk of the above
entitled Court, do hereby certify that
this foregoing instrument is a true and
correct copy of the original now on file
in my office.
IN WITNESS WHEREOF, I hereunto set my
hand and the Seal of Said Court this
_23RD_ day of _January_____, 19_96_.

   TED RUTT, Clerk
   By: _Cindy Leeder_____ Deputy

WARRANT OF COMMITMENT - 2

Office of Prosecuting Attorney
946 County-City Building
Tacoma, Washington 98402-2171
Telephone: 591-7400