UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DEAN ROYER,

    Petitioner,

  v.

STEVE SINCLAIR,

    Respondent.

Case No. C08-5642FDB/JKA

REPORT AND RECOMMENDATION

**NOTED FOR:
MARCH 20, 2009**

  This habeas corpus action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636 (b)(1)(B) and Local Magistrate Judges' Rules MJR 3 and MJR 4. Having reviewed the file the court recommends this petition be **DISMISSED** as time barred pursuant to 28 U.S.C. 2244 (d).

## PROCEDURAL HISTORY

  Petitioner is currently incarcerated as a result of a 1996 Pierce County Superior Court conviction for one count of first degree burglary and three counts of second degree assault (Dkt. # 12, exhibit 11). He was sentenced to life imprisonment without parole under Washington's "Three Strikes" law.

REPORT AND RECOMMENDATION
Page - 1

1     Petitioner is not challenging his current conviction, but wishes instead to challenge an expired 1990 Pierce County conviction by guilty plea which counted as his first strike. Petitioner was originally found guilty of one count of robbery in the first degree. This was in 1987. The Washington Court of Appeals reversed the conviction in 1990. <u>State v Royer</u>, 58 Wn. App. 778 (1990).

    On remand in 1990, petitioner pled guilty to an amended information charging him with robbery in the second degree (Dkt # 12, exhibit 8). He was sentenced to twenty months confinement with credit for the 20 months served prior to that date (Dkt. # 12, exhibit 1). On February 4, 1994, post confinement supervision ended on this conviction (Dkt. # 12, exhibit 8, appendix G).

    No direct appeal or collateral challenge to the 1990 plea agreement or sentence was filed until February 5, 2008. This would be fourteen years and one day after he completed the sentence. At that time petitioner filed a notice of appeal (Dkt. # 12, exhibit 2). The Washington Court of Appeals advised petitioner he would have to file a motion for permission to file a late appeal (Dkt. # 12, exhibit 3). Petitioner brought a motion to file a late appeal and the motion was denied on February 27, 2008 (Dkt # 12, Exhibits 4, and 5).

    Petitioner then sought discretionary review with the Washington State Supreme Court (Dkt # 12, exhibit 6). On July 9, 2008, the court denied review without comment (Dkt. # 12, exhibit 9).

## EVIDENTIARY HEARING

    If a habeas applicant has failed to develop the factual basis for a claim in state court, an evidentiary hearing may not be held unless (A) the claim relies on (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable, or there is (2) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C. §2254(e)(2) (1996). Petitioner's claims rely on established rules of constitutional law. Further, petitioner has not set forth

any factual basis for his claims that could not have been previously discovered by due diligence. Finally, the facts underlying petitioner's claims are insufficient to establish that no rational fact finder would have found him guilty of the crime. Therefore, petitioner is not entitled to an evidentiary hearing.

## STANDARD

Federal courts may intervene in the state judicial process only to correct wrongs of a Constitutional dimension. Engle v. Isaac, 456 U.S. 107 (1983). Section 2254 is explicit in that a federal court may entertain an application for writ of habeas corpus "only on the ground that [the petitioner] is in custody in violation of the constitution or law or treaties of the United States." 28 U.S.C. § 2254(a)(1995). The Supreme Court has stated many times that federal habeas corpus relief does not lie for errors of state law. Lewis v. Jeffers, 497 U.S. 764 (1990); Pulley v. Harris, 465 U.S. 37, 41 (1984); Estelle v. McGuire, 502 U.S. 62 (1991).

Further, a habeas corpus petition shall not be granted with respect to any claim adjudicated on the merits in the state courts unless the adjudication either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. §2254(d). A determination of a factual issue by a state court shall be presumed correct, and the applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

## DISCUSSION

A.  Time bar.

A one year statute of limitations was imposed on habeas corpus petitions under the 1996 amendments to 28 U.S.C. § 2244(d), which were signed into law April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2244(d) provides as follows:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

(A)  the date on which the judgment became final by conclusion of

|     |     |                                                                                                                                                                                 |
| --- | --- | ------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------- |
|     |     | direct review or the expiration of the time for seeking such review;                                                                                                                            |
|     | (B) | the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; |
|     | (C) | the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.                                                       |
| (2) |     | The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. |

28 U.S.C.§ 2244 (d).

Here, petitioner filed no direct appeal or collateral challenge to his guilty plea while incarcerated. On April 24, 1996 to AEDPA was signed and went into effect. On April 24, 1997, this habeas petition challenging a 1990 conviction became time barred. Petitioner did not file in state court until February 5, 2008. This petition is more than eleven years time barred.

B. <u>Equitable tolling</u>.

The one-year statute of limitations under 28 U.S.C. § 2244(d) is subject to equitable tolling if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time. <u>Miles v. Prunty</u>, 187 F.3d 1104, 1107 (9th Cir.1999)(equitable tolling is not available in most cases because extensions of time should only be granted if extraordinary circumstances beyond prisoner's control make it impossible for him to file petition on time).

Petitioner claims the limitations period is subject to equitable tolling in this case because the sentencing judge in 1990 allegedly did not inform him of his right to appeal. Petitioner plead guilty and was sentenced in the normal range. Thus, his right to appeal was limited but did exist.

Petitioner waited eighteen years to file his motion to file a late appeal. Petitioner had not shown extraordinary circumstances beyond prisoner's control made it impossible for him to file petition. Indeed, he was able to file a petition any time during the eighteen year period and no government action prevented the filing.

The respondent argues petitioner has not shown either an exceptional circumstance or

REPORT AND RECOMMENDATION
Page - 4

diligence. This court agrees. Petitioner is not entitled to equitable tolling and this petition is time barred.

## CONCLUSION

This petition for writ of habeas corpus is barred by the one year limitations period of 28 U.S.C. § 2244(d). Accordingly, the petition should be dismissed with prejudice. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **March 20, 2009**, as noted in the caption.

DATED this 17 day of February, 2009.

          */S/ J. Kelley Arnold*
          J. Kelley Arnold
          United States Magistrate Judge